## Case No. 4,237.

### Ex parte EAMES.

[2 Story, 322;[1] 1 N. Y. Leg. Obs. 212; 5 Law Rep. 117.]

Circuit Court, D. Massachusetts. May Term, 1842.

---

[1] [Reported by William W. Story, Esq.]

Mr. Dehon, for petitioner.

STORY, Circuit Justice. The question for the decision of this court is, whether by law an injunction can be issued against Ayers, the assignee of Eames, under the insolvent act of Massachusetts, as prayed for in the petition of Eames; and this involves the simple consideration, whether the bankrupt act of the United States of 1841, c. 9, when it came into operation in February last, suspended the operation of the insolvent act of Massachusetts, as to persons within the purview of the bankrupt act, who might afterward become insolvents. If it did, then the injunction ought to be granted; if it did not, then it should be refused.

My opinion is, that, as soon as the bankrupt act went into operation in February last, it, ipso facto, suspended all action upon future cases, arising under the state insolvent laws, where the insolvent persons were within the purview of the bankrupt act. I say future cases, because very different considerations would, or might apply, where proceedings under any state insolvent laws were commenced, and were in progress before the bankrupt act went into operation. It appears to me, that both systems cannot be in operation or apply at the same time to the same persons; and where the state and national legislation upon the same subject, and the same persons, come in conflict, the national laws must prevail, and suspend the operation of the state laws. This, as far as I know, has been the uniform doctrine, maintained in all the courts of the United States.

Indeed, I consider this whole matter in effect disposed of by the reasoning of the supreme court in the case of Sturges v. Crowninshield, 4 Wheat. [17 U. S.] 122. Mr. Justice Washington and myself were of opinion in that case, that the power to pass a bankrupt law was exclusively vested in congress by the constitution of the United States; and that no state could pass a bankrupt law, or an insolvent law, having the effect of a bankrupt law, where it discharged the debtor from the obligation of his prior contracts.[2] Mr. Justice Todd was absent from indisposition, and therefore did not sit in the cause. The other four members of the court (constituting a majority,) concurred in the decision, which was pronounced by Mr. Chief Justice Marshall. But all the court were agreed, that when congress did pass a bankrupt act, it was supreme, and that the state laws must yield to it, and could no longer operate upon persons or cases within the purview of such act. The enactment of such an act suspended the state laws on the same subject, and created a disability in the states to exercise powers of the like nature. Sturges v. Crowninshield, 4 Wheat. [17 U. S.] 196. The court went further; and asserted that the bankrupt act of 1800, c. 19, had that very operation, except so far as the 61st section of the act modified or allowed the exercise of the power by the states. Sturges v. Crowninshield, 4 Wheat. [17 U. S.] 201, 202. The case of Ogden v. Saunders, 12 Wheat. [25 U. S.] 213, 264, 269, 273, 276, 278, 296, 311, 314, fully recognized, and has always been understood to confirm and settle, the same principle. It seems to me, therefore, that nothing remains, upon which an argument can be founded, that the insolvent laws of Massachusetts are not, as to persons and cases, within the provisions of the bankrupt act, completely suspended. Each system is to act upon the same subject-matter, upon the same property, upon the same rights, and upon the same persons—creditors, as well as debtors. Both cannot go on together, without direct and positive collision; and the moment that the bankrupt act does or may operate upon the person or the case, that moment it virtually supersedes all state legislation.

I shall, therefore, direct it to be certified to the district court, that in this case, by law, an injunction can be issued against the said Ayers, as prayed for in the said petition of Eames.

---

[2] See Mr. Justice Washington's opinion in Ogden v. Saunders, 12 Wheat. [25 U. S.] 263, 264.

