## De Klyn *v.* Watkins and others.

The jurisdiction of the court of chancery, in a case of fraud, of trust, or of contract, is sustainable, wherever the person sought to be affected is found ; although lands not within the jurisdiction of the court, may be affected by the decree.

A bill was filed in this state, against several defendants, of whom one lived in New Jersey, but was served with process here. The principal subject of the suit, was land in New Jersey, owned by that party, but land in New York was also affected ; and the ground of the suit, was a fraudulent transfer of the whole, executed here. *Held,* that the court had jurisdiction to set aside the conveyance and make a decree against the New Jersey defendant and his lands.

Oct. 20, 1845 ; January 2, 1846.

The bill was filed in September, 1841, by several of the children and heirs of Barent De Klyn, against Charles De Klyn, Charles S. Watkins, William H. Ireland, and Joseph Ireland ; all of whom were served with process, and put in answers. The facts, so far as they are pertinent to the legal points reported, are stated in the judgment of the court. On the cause being brought to a hearing, it was suggested by the counsel, that in respect of

Watkins, the principal defendant, and of the property which alone was attainable in the suit, there was a question of jurisdiction raised in his answer, which if decided in his favor, would virtually put an end to the suit; and there was a great mass of testimony to be read and considered, if the merits of the controversy were to be disposed of. They therefore asked to have the point of jurisdiction heard and decided, before going into the merits. The court acceded to the request of the counsel, and the suit at this time, was argued on the single question thus presented.

*A. Benedict*, for the complainants.

*B. W. Bonney*, for the defendant, Watkins.

The Assistant Vice-Chancellor.—So far as it concerns the question of jurisdiction raised by the defendant Watkins, the case may be thus stated. B. De Klyn, being seised of lands in this city and in New Jersey, together with some personal property, was induced to convey and make the whole over to his son Charles, by various fraudulent practices of the latter, and without consideration. Charles subsequently failed, and assigned the property to the defendants, W. H. and J. Ireland, for the benefit of his creditors. The assignees sold the land in New Jersey, at auction, and Watkins became the purchaser, with notice of the alleged fraud. The De Klyns and the assignees reside in this city, the fraudulent conveyances were obtained and executed here, and the sale at auction was made here. Watkins resides in New Jersey, but was served in this city with the subpœna to answer in this suit. The bill prays to have the conveyances executed by B. De Klyn set aside, and to have the lands in New Jersey, as well as here, re-conveyed to his heirs.

The defendant's counsel attempted to make a distinction between a suit to compel the specific performance of a contract for the sale of lands in another state, and this case, which he said was one relating exclusively to the title of land, and as local in its nature as an action of trespass *quare clausum fregit*, at law.

The counsel was well aware, that the court had uniformly de-

creed the performance of such contracts, whenever it had juris-
diction of the defendant's person, from about 1663, when *Archer*
v. *Preston* was decided, until the present day. (1 Eq. Cas. Abr.
133, pl. 3; S. C. stated in 1 Vern. 77, by Lord Nottingham;
*Penn* v. *Lord Baltimore*, 1 Ves. Sen. 444; *Ward* v. *Arredondo,*
Hopk. R. 213; *Shattuck* v. *Cassidy,* 3 Edw. Ch. R. 152.)

It is difficult to perceive why a bill to set aside a conveyance
of land situated abroad, relates to the title of land, any more
than one to have a conveyance decreed. In each case the object
is to divest the title from the person who holds it, and in each it
is attained in the same mode, by the process of the court against
the person of such owner.

I find that the authorities are decisive against the distinction
claimed by the defendant.

In the case of the *Count Arglasse* v. *Muschamp,* (1 Vern.
75, and again at page 135,) the court of chancery in England,
relieved against the grant of a rent charge upon lands in Ireland,
the defendant being served with process in England. The de-
cision was made in the first instance by Lord Nottingham, and
was confirmed on a re-hearing, by Lord Keeper Guildford.

In *Lord Cranstoun* v. *Johnston,* (3 Ves. jr. 170,) Sir R. P.
Arden, Master of the Rolls, in a well considered judgment, set
aside on the ground of fraud, a purchase made by a creditor on a
sale of lands in Jamaica, under a judgment obtained by him
there. After citing the cases, he says, " They clearly show that
with regard to any contract made, or equity between persons in
this country, respecting lands in a foreign country, particularly
in the British dominions, this court will hold the same jurisdic-
tion as if they were situated in England. Lord Hardwicke lays
down the same doctrine," (citing 3 Atk. 589.)

The reference to the *British dominions,* does not affect the
weight of the authority, for the action of the court could not
reach the land itself any where out of England.

In *Guerrant* v. *Fowler,* (1 Hen. & Mun. 5,) the court of chan-
cery in Virginia, entertained a suit to set aside a deed obtained by
fraud, the lands being in Kentucky, and one of the two defend-
ants residing in that state.

In *Massie* v. *Watts,* (6 Cranch, 148,) where the court sustained

the jurisdiction in the Kentucky Circuit, relative to lands in Ohio, on the ground of a constructive fraud ; Chief Justice Marshall lays down the principle, that in a case of fraud, of trust, or of contract, the jurisdiction of a court of chancery is sustainable, wherever the person be found, although lands not within the jurisdiction of that court may be affected by the decree.

The Chancellor recognizes this principle in *Mead* v. *Merritt*, (2 Paige, 402,) and *Mitchell* v. *Bunch*, (2 ibid. 606 ;) and it is conclusive in favor of the jurisdiction of the court, upon the case made by the bill.

The defendant's objection is therefore overruled, and the cause must be heard on its merits.

Order accordingly.(*a*)

---

(*a*) The suit was brought to a hearing before the Assistant Vice-Chancellor, on the merits, in June, 1846 ; and on the 24th of July, he dismissed the bill with costs. The hearing occupied five days, but there was no legal question involved, of sufficient interest to be reported.

