### WELLS *vs.* STEWART.

Where a suit is brought upon an account, by the assignees thereof, in the name of the assignor, a promissory note of the assignor, held by the defendant at the time of the assignment of the account, but not then due, cannot be set off against such account.

ERROR to the Fulton common pleas. Stuart sued Wells before a justice of the peace and recovered a judgment, and Wells appealed to the court of common pleas, where Stuart again recovered, and Wells brought a writ of error to this court to reverse that judgment. It appeared on the trial, that on the 14th day of April, 1845, Stewart gave one Peter Coyne a nego-

White *v.* Stewart.

tiable note for $59, payable in ninety days, which by subsequent
endorsements became the property of Wells on the 26th day
of May, 1845. That on the 28th day of May, 1845, Wells
owed Stewart, on account, $75,70, which account on that day
was assigned by Stewart for the benefit of his creditors. The
accounts between them, in all, on both sides, amounted to about
$800, and the balance was not ascertained until the 13th day
of March, 1846. The common pleas refused to allow the note
as a set-off to the account, and the plaintiff recovered for the
whole balance; to which decision the counsel of Wells duly
excepted. There was a question of fraud in the assignment,
put to the jury, which it is not important to notice here. The
cause was submitted on written arguments, by

*George Yost*, for the plaintiff in error.

*A. McFarlin*, for the defendant in error.

*By the Court*, HAND, J. This case involves the construction
of a portion of our statute of set-off. On the 26th of May, 1845,
Wells owed Stewart, on account, over $75, and on that day he
purchased a valid negotiable note against Stewart for $59, but
which did not become due until in July thereafter. Two days
after Wells became owner of the note, Stewart assigned his
property to trustees for the benefit of his creditors, which as-
signment included his account against Wells. The question
of notice does not arise. Wells owned the note before the
assignment, and if it is a proper set-off, the assignees took the
account subject thereto. So, on the other hand, if it cannot be
set off, Wells lost nothing by his ignorance of the assignment
until March, 1846, if such was the fact. The whole matter
turns upon the eighteenth section of the statute. (2 *R. S.* 354.)
Not upon the third and fourth subdivisions of that section, as
has been suggested, but upon the eighth. That reads as fol-
lows : " If the action be founded upon a contract other than a
negotiable promissory note, or bill of exchange, which has been
assigned by the plaintiff, a demand existing against such plain-

tiff, or any assignee of such contract, at the time of the assignment thereof, and belonging to the defendant in good faith before notice of such assignment, may be set off, to the amount of the plaintiff's debt, if the demand be such as might have been set off against such plaintiff or such assignee while the contract belonged to him." In our opinion the last part of this clause is fatal to the plaintiff in error. *At no time while this account belonged to Stewart* could this note have been set off against the account. Had Stewart sued Wells, on the account, on the day he made his assignment, or had the assignees sued him within some weeks afterwards, the note would not have applied. The words " if the demand be *such*," do not apply to the *nature* only, but also to the *condition* or *state* thereof. This case bears no analogy to those of bankrupts and insolvents. In those cases, justice requires that all the creditors should share in the estate of a debtor, who may be absolutely discharged of all his debts.

It is suggested that the defendant is at least entitled to a dividend on his note. The case, I think, does not properly present this point for our consideration. The proceedings under the assignment had not been closed. To settle that trust here, would be trying an issue wholly collateral.

The judgments must be affirmed.

