## COURT OF APPEALS.

1852.

### SMITH v. BRINKERHOFF et al.

A person indebted to a bankrupt, declared under the act of Congress of August 19, 1841, cannot set off against his indebtedness, a demand against the bankrupt, purchased after he presented to the court his petition to be declared a bankrupt and to be discharged from his debts.

Assumpsit, commenced in the Supreme Court by the plaintiff, as assignee in bankruptcy of Preston & Pomeroy, against the defendant, to recover a balance alleged to be due from them to the plaintiff as such assignee. The cause was tried before a referee at New York, in November, 1846. The plaintiff proved an account rendered by the defendants, dated March 3, 1843, which showed a balance due them of $64.24. In that account the bankrupts were charged with the sum of $459.44, for their note of same amount, dated June 16, 1842, at six months, payable to and indorsed by the Oakville Manufacturing Company. The question was, did the defendants become the owners of that note in such a way as to authorize them to have it applied as a set-off against the balance otherwise due from them to plaintiff.

The note was rejected as a set-off, by the referee, who reported against the defendants, to the amount of the balance of the account, after striking out of their credits the amount of the note, and judgment was rendered on the report.

47

The defendants excepted, and their motion to set the report aside having been denied, this appeal was brought.

*E. Sandford* for appellants.

*N. Hill, Jr.*, for respondent.

EDMONDS, J. It is unnecessary for us to follow the counsel on the argument in their extended examination of the doctrine of relation under the bankrupt law, for there is another rule, founded both upon principle and authority, which is decisive of this case.

It is well stated by KENT, Ch. J., in *Ogden* v. *Cowley* (2 Johns. 278) : " It would be unjust if one person who happened to be indebted to another at the time of his bankruptcy was permitted by any intrigue between himself and another person so to change his own situation as to diminish or totally destroy the debt due to the bankrupt by an act *ex post facto*. Such an act would be a fraud on the equality of the bankrupt act." See, also, *Dickson* v. *Evans* (6 T. R. 57); Bull. N. P. 180, where it is said the assignee ought not to be in a better condition than the assignor, who would only have come in as a creditor under the commission.

It is the same principle on which it has been held that the debtor of an intestate cannot set off a debt due from the intestate purchased by the defendant after the death of the intestate. (*Root* v. *Taylor*, 20 Johns. 137.)

In that case, *Ogden* v. *Cowley* and *Dickson* v. *Evans* (*supra*) were cited and commented upon as settling the question, not so much on the ground of the enactments in the bankrupt law as on those of the statute of set-offs ; and the case in 6 T. R., was regarded as applicable to the English statute of set-off and consequently to our statute. I conclude by adopting its language, that this is not a case within the statute, that the bankrupt and the defendants were never indebted to each other, and had not demands arising on contracts or credits against each other, and that it would be unjust and against the whole policy of the statute to allow a set-off acquired against the estate of a bankrupt after his petition in bankruptcy. See, also, *Wells* v. *Stewart* (3 Barb. 40), where the principle is recognized.

Judgment affirmed.