### EDWARD SOLOMAN *v.* PERLEY HOLT and another.

Where an action is brought upon a *chose in action* not negotiable, in the name of an assignee thereof, and the defendant seeks to set off a claim in his own favor, he must prove that the claim belonged to him before notice of the assignment.

Whether such set-off can be made, if such claim was not both due and payable before notice of the assignment? *Quere.*

Whether § 112 of the Code of Procedure has not so far altered the Revised Statutes, that in case of such assignment a claim may be set off which did not exist against the assignor at the time of the assignment, but afterwards arose and was acquired by the defendant before notice of such assignment? *Quere. (a)*

APPEAL by the defendants from a judgment of the First District Court. The opinion states the case.

*George A. Halsey* and *Edgar S. Van Winkle*, for the defendants, argued as follows:

---

(a) In *Martine* v. *Willis*, 2 E. D. Smith, 524, the rule established in 2 R. S. marginal p. 354, § 39, subd. 4, is applied; but the point here considered, relative to the effect of § 112 of the Code, was not raised in that case.—REP.

The note of Cohen, the assignor, was a good set-off, to the claim of the plaintiff, said note having been received by the defendants for goods to its full value before notice of the assignment or even the making thereof, and the same having matured before suit brought, and no notice of the assignment having been given defendants before suit brought.

The goods were not sold on the credit of Fatman & Co., but were sold solely for the note of Cohen, the assignor, and which was taken in payment therefor. It will be observed that the note was not endorsed by Fatman & Co.

No testimony whatever was introduced going to show that the appellants knew of the assignment before the trial below.

The plaintiff in this case sues as assignee under a voluntary assignment for the benefit of creditors, making preferences.

The 10th subdivision of § 50, art. 4, chap. 2, part 3d, of the Revised Statutes (2 Rev. S. 235), provides that " if the suit be in the name of a plaintiff who has no real interest in the contract on which the suit is founded, so much of a demand existing against those whom the plaintiff represents, may be set off as will satisfy the plaintiff's debt if the same might have been set off in an action brought by those beneficially interested." The party in this sense beneficially interested is the assignor, as the proceeds go to pay his debts. Had this suit been in his name the set-off must have been allowed.

The assignee of an insolvent debtor, spoken of in the 11th subdivision, means an insolvent debtor proceeding for a discharge according to the statute. In such cases he is not the party beneficially interested, for the amount collected from his debtors does not affect his right to a discharge.

The assignee referred to in the 8th subdivision, means an assignee for value, who is the owner of the claim, and not an assignee for the benefit of creditors either by voluntary assignment or under the statute, for these cases are provided for in subsections 10 and 11. Subdivision 9 shows that the assignee mentioned in subdivision 8 means an assignee for value. *Wells* v. *Stewart*, 3 Barb. 40, is therefore an erroneous decision, and is not supported by any other case. It applies to an

Soloman *v.* Holt.

assignee under a voluntary assignment making preferences, those rules which apply only to an innocent purchaser for value or a statutory assignee for equal benefit.

The note of Cohen was due before the summons served, and that is enough. (Sub. 4, as above; *Johnson* v. *Comstock*, 6 Hill, 10.)

The service of summons is the commencement of the action. (Code of Procedure, § 99).

Neither *Mead* v. *Gillett* 19 Wend. 397, nor *Mason* v. *Knowlsen*, go the length claimed by the plaintiff ; but if anything, are indirect authorities in the defendants' favor, one plaintiff being purchaser for value and the other having had notice of the assignment.

Equity certainly allows this set-off, and a defendant under the Code is entitled to either legal or equitable redress according to the case. (Code of Procedure, § 69 and notes thereto in Voorhies' edition. See also *Lindsey* v. *Jackson*, 2 Paige, 581 ; *Gay* v. *Gay*, 10 Paige, 369 ; *Barber* v. *Spencer*, 11 Paige, 517.)

The defendants held and owned the note at the time of the assignment. It was therefore a good set-off against the assignee. (*Chance* v. *Isaacs*, 5 Paige, 592.

Must the defendant pay the plaintiff's debt in full, and then be driven into an action against an insolvent, or take a meagre, if any, dividend from the debtor's estate.

*Thomas Stewart*, for the plaintiff, argued as follows :

The note of Cohen, the assignor, was not a good set-off to the claim of the plaintiff below, for irrespective of the general rule that the date is *primâ facie* evidence, the testimony shows that the assignment was executed on the day it bears date, to wit, the 16th day of November, 1853, and therefore the note of Cohen, the assignor, if held by the defendants below, at the time of the assignment of the account, but not then due, cannot be set off against such account. (2 R. S. 354; *Wells* v. *Stewart*, 3 Barb. 40.)

No demand existed against Cohen at the time he made the

Soloman *v.* Holt.

assignment. The defendants can set off only such demands as existed against the assignor, and in good faith belonged to him, at the time of the assignment. (*Mead* v. *Gillett*, 19 Wend. 397; *Mason* v. *Knowlsen*, 1 Hill, 218.)

No right of set-off existed at the time of the assignment, and at no time while the account belonged to Cohen, could this note have been set off against the account. (*Wells* v. *Stewart*, 3 Barb. 40.)

To entitle the plaintiff to recover, it was not necessary to give notice of the assignment, neither does the question of notice arise.

The suit was commenced on the 19th December, 1853, the day on which the note matured, and certainly before any proceedings could have been commenced thereon.

BY THE COURT. WOODRUFF, J.—On the 15th October, 1853, M. A. Cohen sold goods to the defendants, amounting to $77 38, as he testifies, for cash. The bill not being paid, he, on the 16th November, 1853, assigned the claim to the plaintiff, who, in December following, brought this suit to recover the sum due, and the summons herein was issued on the 19th December, and served on the 20th.

The defence consists of a claim to set off the amount of a promissory note made by the said M. A. Cohen, and endorsed by him, for $104 16, dated August 16th, 1853, and payable four months after date, and which therefore became due on the day on which the summons herein was issued. The defendants produced this note on the trial, and such production was *primâ facie* evidence of ownership; but from whom they received it, or when or upon what consideration, was in nowise shown.

The justice below rejected the set-off, and the defendants bring this appeal.

The Code of Procedure, § 112, provides that in the case of an assignment of a thing in action, the action by the assignee shall be without prejudice to any set-off, etc., existing at the time, or before notice of the assignment. It is at least doubtful, therefore, whether this case depends solely upon the construc-

tion of the 8th subdivision of the [18] 39th section of the statute relating to set-off. ( 2 R. S. 254.)

Under that statute, I am much inclined to the opinion that no such set-off was allowable. At the time of the assignment there was no right existing in any person to set off this note; it was not due to any person. Had M. A. Cohen then brought his action upon this account, and the note were then proved to belong to the defendants, they could not use it as a set-off. (3 Barb. 40; 19 Wend. 398.) Had the plaintiff brought this action upon receiving the assignment, the note could not have been set off. The suggestion that a court of equity will make an equitable set-off, although the respective mutual debts have not all matured, has no application to any proofs laid before us here. No evidence appears in the return that Cohen is an insolvent, or that the plaintiff is an assignee for the benefit of creditors. Besides, if the defendants had desired any such equitable interposition, they should have become actors, and set up the grounds (insolvency of Cohen, trust for the benefit of creditors, etc.), and prayed equitable relief. I do not by this mean to intimate that under the 8th section, above referred to, any such relief could be had. I apprehend that in cases like the present the rule, both at law and in equity (in the absence of fraud or other peculiar ground for equitable interposition) is the same. (See 2 R. S. p. [174] 234, § [40] 64.)

But the phraseology of the Code is such as to warrant a belief that the legislature designed to modify the 8th section of the statute above referred to, and allow a set-off where the claim existed in the defendants' favor at any time before notice of the assignment; and yet this case does not call for any opinion on this point, for if this be so, it was vital to the defendants' claim that they show when they acquired the title to the promissory note urged as a set-off, since it was not by its terms payable to them.

I have looked in vain through the return for information on this point. The note appears to have been made and endorsed by Cohen to Messrs. Fatman & Co., and they transferred it to one Alfred L. Holt, in payment for cigars sold to

them by him.   It is not shown that he ever transferred the note to the defendants, nor but that he is at the present time the owner thereof.   The defendants thought proper to rest their case in this respect upon the mere fact of possession at the time of the trial.   This, I think, was not enough.   They fail to bring themselves within the statute, whatever view may be taken of the 112th section of the Code of Procedure, upon the effect of which section it is not intended to express any opinion.   The judgment must be affirmed.

Judgment affirmed.