JOHN C. MARTIN and Others, Respondents, v. CHARLES KUNZMULLER and Others, Appellants.

*General Assignment— Obligation of Assignor—Statute as to Set-off.*

Where an action is brought by an assignee for the benefit of creditors, upon claims of the assignor against Defendants, such Defendants cannot set off on trial a demand evidenced by a promissory note not due at the time of the assignment.

Under the Code, in an action brought by an assignee, the Defendant can set off no demand against the assignor which was not the subject of a legal set-off at the time of the assignment.

*John A. Mapes* for Appellants.

*J. E. Parsons* for Defendants.

Parker, J.—The firm of Graydon, McCreery & Co. made a general assignment to the Plaintiffs, for the benefit of their creditors, on the 7th of May, 1861. At the time of making the assignment they had a demand against the Defendants for goods sold, amounting to $3,107.42, to recover which this action is brought.

The Defendants held and owned, at the time of the assignment, three promissory notes made by Graydon, McCreery & Co.; the first for $671.28, which became due April 4, 1861; the second for $998.35, which became due April 11, 1861; and the third, which had not matured at the time of the assignment, but became due May 28, 1861. None of these notes had been paid. The action was commenced after all the notes matured, and the Defendants sought to offset the amount of these several notes of Graydon, McCreery & Co. against the demand which said firm had so assigned to the Plaintiffs.

The Court, upon the trial, allowed the first two notes, which had matured at the time of the assignment, as legal offsets against the Plaintiffs' demand, but instructed the jury that the third note, which did not mature until after the assignment, was not a legal offset. To this the Defendants excepted.

The only question presented for decision upon this appeal is, whether the Defendants were entitled to offset the third note, which was not due at the time of the assignment of the demand in suit.

If the Defendants might have set it off against Graydon, McCreery & Co. at the time of their assignment, provided that firm had sued the Defendants on this assigned demand, it was a proper subject of set-off in this suit, otherwise not; for the case depends entirely upon the statute, which is as follows : " If the action be founded upon a contract, other than a negotiable promissory note, or bill of exchange, which has been assigned by the Plaintiff, a demand existing against such Plaintiff, or any assignee of such contract, at the time of the assignment thereof, and belonging to the Defendant in good faith before notice of such assignment, may be set off to the amount of the Plaintiff's debt, *if the demand be such as might have been set off against such Plaintiff, or such assignee, while the contract belonged to him.*"

The fact that, under the Code, the action is brought in the name of the assignees, and not of the assignors, as Plaintiffs, does not change the rights of the parties, and the Defendants are still entitled to the set-off, precisely as if the action had been brought by the assignees in the name of Graydon, McCreery & Co. as Plaintiffs, as it must have been when the Statute of Set-offs was passed (Myers v. Davis, 22 N. Y. R. 489); and the statute is now to be read and construed with reference to such change in the mode of bringing the action.

The simple principle applicable is this—that the assignee takes the contract assigned to him, subject to the right of set-off which the debtor had against it at the time of the assignment.

It would seem to be very clear, then, that the Defendants had no right to set off the third note against the demand in suit—for, at the time of the assignment, this note had not become due, and was not then such a demand " as might have been set off against " the assignees " while the contract belonged to them."

An allowance to a party by way of set-off is always founded on an existing demand in presenti, and not one that may be claimed in futuro (Aymar v. Astor, 6 Cow. 266 ; Myers v. Davis,

30

supra; Bradley *v.* Angel, 3 Coms. 475; Kingston Bank *v.* Gay, 19 Barb. 459; Waldron *v.* Baker, 4 E. D. Smith, 440; .Thompson *v.* Hooker, 4 N. Y. Leg. Obs. 17; Wells *v.* Stewart, 3 Barb. 40; Hicks *v.* McGrorty, 2 Duer, 295; Watt *v.* Mayor, etc., of New York, 1 Sandf. S. C. R. 23). The remark of the Court, in Wells *v.* Stewart, that "the words, '*if the demand be such,*' do not apply to the *nature* only, but also to the *condition* or *state* thereof," is sustained by the other cases, and presents a correct construction of the statute, which is decisive of the question before us. The decision of the Court below is in accordance with that construction. The judgment, therefore, is right, and should be affirmed.

DAVIES, CH. J.—The firm of Graydon, McCreery & Co., on the 7th of May, 1861, made a general assignment of all their property to the Plaintiffs for the benefit of their creditors. At the time of making said assignment the Defendants were indebted to the assignors in the sum of $3,107.42, for goods sold by them to the Defendants on eight months' credit, from August 9 to Oct. 20, 1860. The Defendants held and owned, at the time of said assignment, three promissory notes made by said firm of Graydon, McCreery & Co.; the first for $671.28, which had matured April 4, 1861; the second for $998.35, which had matured April 11, 1861; and the other for $1,400.78, which did not mature until May 28, 1861; and none of said notes had been paid. This action was commenced Oct. 3, 1861. After all of said notes had matured, this action was commenced to recover the price of said goods, and the Defendants then sought to offset the amount of the said three several notes, all then due and unpaid.

The Court charged the jury, that the Defendants were entitled to offset the amount of the promissory notes held by the Defendants, due at the time of making the assignment, with interest from date of maturity, from the amount of the Plaintiffs' claim. Said Justice further charged the jury, that the Defendants were not entitled to offset the amount of the note thirdly above described, and which did not mature until after the making of such assign-

ment, or any portion thereof, from the Plaintiffs' claim; to which portion of said charge the Defendants' counsel excepted. The jury, under the direction of the Court, rendered a verdict for the Plaintiffs for $1,534.26—thus allowing the Defendants' set-off for the two notes due at the date of the assignment, and rejecting the set-off as to the other, not due at that time.

Judgment on the verdict was affirmed at General Term, and the Defendants appeal to this Court.

The only question presented for the consideration of this Court upon this appeal is, whether the Defendants were entitled to set off, against the Plaintiffs' demand, the amount of the note made by their assignors, which was not due at the time of the assignment to the Plaintiffs of the demand against the Defendants.

The provisions of the Revised Statutes applicable to set-offs are as follows : " If the action be founded upon a contract, other than a negotiable promissory note, or bill of exchange, which has been assigned by the Plaintiff, a demand existing against such Plaintiff, *or any assignee of such contract*, at the time of the assignment thereof, and belonging to the Defendant in good faith before notice of such assignment, may be set off to the amount of the Plaintiff's debt, if the demand be.such as might have been set off against such Plaintiff, or such assignee, while the contract belonged to him." The Code has introduced no new rule affecting set-offs. The alteration made by it allowing the beneficial owner of a chose in action, not negotiable at law, to sue thereon in his own name, does not change the actual rights of the parties to any assignment of it. The Defendant is entitled to the same defence which he would have had if the former rule had continued to prevail, and the action had been brought in the name of the assignor, and to no other or different defence. The assignee would have been protected in his equitable rights, notwithstanding the non-negotiable nature of the contract, to the same extent that he is entitled to have them protected now that the owner or holder can prosecute in his own name. The change effected by the Code is simply as to the form in which the action is to be carried on (Per Denio, J., in Myers *v.* Davis, 22 N. Y. 489).

This action is founded upon an indebtedness other than that arising upon a promissory note or bill of exchange—in other words, a non-negotiable contract. It has been assigned by the party who, previous to the Code, must have been the Plaintiff upon the record. In such an event, the statute declares that a demand existing against such Plaintiff (now assignor), or any assignee of such contract, at the time of the assignment thereof, may be set off to the amount of the Plaintiff's debt. To entitle the Defendant to avail himself of such demand as a set-off, he must show that it belonged to him in good faith before notice of the assignment. There is no point made that the Defendants did not acquire all the notes they claimed to set off, prior to the making of the assignment to the Plaintiffs. The question therefore is, if the Plaintiffs' assignors, at the time of the assignment, had commenced an action against the Defendants, to recover the amount of said account, could the Defendants have set off the note due May 28, 1861?

This precise point was distinctly presented in Wells *v.* Stewart (3 Barb. S. C. Rep. 40). Stewart, on the 14th of April, 1845, made his negotiable note, payable to one Coym, ninety days after date, and which, on the 26th day of May, 1845, was assigned to and became the property of Wells. On the 28th of May, 1845, Wells owed Stewart $75.70, which account on that day was assigned by Stewart for the benefit of creditors. The action was in Stewart's name, by his assignees, against Wells, to recover the amount of the account, and Wells claimed to set off the note of Stewart. The action must have been brought months after the note became due. Hand, J., in the opinion of the Court, said that the last clause of the statute above quoted is fatal to the claim set up by Wells. " At no time while this account belonged to Stewart, could this note have been set off against the account. Had Stewart sued Wells on the account, on the day he made his assignment, or had the assignees sued him within some weeks afterwards, 'the note would not have applied. The words 'if the demand be *such*,' do not apply to the *nature* only, but also to the *condition* or *state* thereof." In Watt *v.* The Mayor of New York

(1 Sandf. S. C. 23), the action was by one Ellsworth, in Watt's name, as assignee, to recover the amount of several awards payable by the corporation of New York for lands of Watt, taken for opening streets in said city. The Defendants sought to set off against the award an assessment for benefit upon the lands of Watt, made in the same proceedings. And the sole question was whether such set-off could be made, and the Superior Court of New York thought it could not. Oakley, Ch. J., said: "It is clearly a case not coming within any provision of the Statute relative to Set-offs. At the time of the assignment there was no right of action by the Defendants against Watt; no demand of the assessments having been made. And we are at a loss to perceive any reason why the award in his favor was not assignable before it was due, like any other debt, so as to vest the entire interests in the same in the assignee, whose equitable rights the Court is bound to protect."

Beckwith v. Union Bank (4 Sandf. S. C. 604) is to the same effect. The suit was by Beckwith, an assignee of the Messrs. Hunters. At the time of this assignment there was standing upon the books of the Union Bank a sum of money to the credit of the Hunters. The assignee brought suit to recover this money. At the time of the assignment the bank held a bill endorsed by the Hunters, which subsequently fell due, and was protested, and the Hunters charged thereon as endorsers, and the bank charged the amount thereof against the credit of the Hunters. The Superior Court held that the assignment having been made in good faith, and transferring to the Plaintiff all the property of the Hunters, of every description, the deposit to their credit in the bank thereby became vested in the assignee. Therefore, when the bill fell due, and the Hunters became liable to the bank for its payment, there were no demands existing between them and the bank which could be the subject of set-off. The money to their credit belonged to the Plaintiff. The judgment in this case was approved in this Court (5 Seld. 211); this Court holding that the Code had effected no change in the substantial rights of the parties. In other words, the provision is, that the

substantial rights of the Defendant shall not be affected by the substitution of the assignee as Plaintiff in place of the assignor. Judge Johnson observes, in the opinion of the Court, that " There is no pretence to hold that in an action in the name of the Hunters, before the Code, the demand of the bank could have been set off." The same doctrine is enunciated in Myers *v.* Davis (ubi supra). That was an action for goods, wares, and merchandise sold by Watrous & Lawrence to the Defendant, the Plaintiff being the assignee of all their property, in trust, for creditors. The Defendants sought to set off an account for work done for Watrous & Lawrence, under a contract made with them before their assignment, but upon which nothing was due at the time of the assignment. In the opinion of the Court, Judge Denio said: " If this suit had been prosecuted in the name of Watrous & Lawrence, for the benefit of their assignee, under the law as it stood before the Code, the Defendants' claim for a set-off would have been regulated by the [provision of the Revised Statutes, already quoted]; and the condition that the demand proposed to be set off must have been one existing against the assignors before the assignment, and have been capable of being set off against them while the contract sued on belonged to them, would have been fatal to the Defendants. I have said that the change in the practice does not affect the right to set off. It certainly does not improve the Defendants' condition ; for the set-off, if the demand was perfect at the time of the assignment, would not be within the words of the statute, for it would not be against the Plaintiff, but against his assignors. Still it would, no doubt, be within its spirit. The Defendants' difficulty is, that at the time of the assignment they had no demand against any one.   *   *   *   At the time of the assignment to the Plaintiff in this case, the demand of the Defendants had not matured so as to be the subject of a set-off; and when it had so matured, the demand against them, on which this suit is brought, had passed into the hands of the Plaintiff, against whom they had no claim whatever." So in the case at bar. At the time Graydon, McCreery & Co. assigned to the Plaintiffs their demands against the Defendants,

they had no mature demands against them except upon the two notes. On the authority of this case it is clear, therefore, that the debt not matured could not be the subject of a set-off against the present Plaintiffs.

In Chance v. Isaacs (5 Paige, 592) a similar question arose and was decided. The Defendant, Isaacs, being indebted to the Complainant in the sum of $687.28, gave to him a negotiable note for that amount, payable four months after date; which note the Complainant soon after endorsed and transferred to a third person, in the ordinary course of business. Some time afterward the Plaintiff became indebted to Isaacs in about the sum of $700, for which he gave him two promissory notes, payable at four and six months. A few days before the note of Isaacs fell due he became insolvent, and made an assignment of his property to the Defendant, Smyth, for the benefit of his creditors, including the two notes of the Complainant. When the note given to the Complainant fell due it was protested for non-payment, and the Complainant, as the endorser, was obliged to pay and take it up. He therefore filed the bill in this cause to restrain the Defendant, Smyth, from parting with the two notes given to Isaacs, and to have the note of Isaacs offset. The Vice-Chancellor decided that the offset could not be allowed, as the creditors under the assignment had acquired an interest in the notes of the Complainant before the note given to and endorsed by him had been protested for non-payment and taken up by him. The bill was dismissed with costs, and on appeal to the Chancellor the decree was affirmed. So in Bradley v. Angel, Executor, etc. (3 Comst. 475), where the Complainants were indebted to the Defendant's testator in the sum of between $3,000 and $4,000, to recover which the Defendant, as executor, brought an action at law. The Complainants thereupon filed their bill to compel a set-off of certain notes given by the testator which were not yet due, and to restrain the action at law. The estate of the testator was insolvent. It was held, nevertheless, that the bill could not be sustained.

I have looked at the case of Maas v. Goodman (2 Hilton, 275), and it certainly seems to conflict with the authorities above re-

Opinion by DAVIES, Ch.J.

ferred to. With every possible respect for the learned members of the Court deciding that case, it cannot be properly followed; and thus we rule the law as unequivocally settled by the Courts in repeated decisions. We have held that if, at the time of the assignment, the Defendant has no present debt due and payable by the assignor he has no offset, and that he cannot set off, against a debt due and payable by him to the assignor, a debt of his which matures afterwards.

We see no sufficient reason, from any of the suggestions made by the counsel for the Appellants, for departing from the doctrine so often enunciated and affirmed.

The judgment appealed from must therefore be affirmed, with costs.

All affirm.