Brady, J.
The power conferred tapón Congress, by the Constitution, to establish a uniform system of bankruptcy throughout the United States, having been exercised by the enactment of a law for that purpose, on March 2, 1867, that law became paramount and exclusive, and suspended the operation of the insolvent laws of this State, over all cases within its purview (Griswold v. Pratt, 9 Metc., 16 ; Commonwealth v. O’Hara, 6 Int. Rev. Reg., 125; Van Nostrand v. Barr, 2 Bankr. Reg., 154; Martin v. Berry, Id., 188; Exp. Eames, 2 Story, 322; Bump’s L. & Pr. of Bankr., 3 ed., 242, and cases cited. See, also, Sturges v. Crowninshield, 4 Wheat., 122 ; and Ogden v. Saunders, 12 Id., 213).
The converse of this proposition might lead to conflicts between the State and Federal authorities, in the, administration of their powers over the same subject matter, in reference to which both had the right to legislate. The State law yields,, therefore. It is not intended herein to decl re that the bankrupt act suspends the laws of this State thereto relating, which confer upon our courts the right to discharge the person from imprisonment. The authority still continues.
This is all that I deem it necessary to state in disposing of the question presented on this motion. The subject is attractive, and would doubtless justify an elaborate review; but the cases referred to discuss and dispose of it fully and satisfactorily. The discharge obtained by the defendant is, for these reasons, inoperative. It was applied for and granted subsequently to the act of Congress, and relates to matters within the purview of such act.
Ordered accordingly.