BARRY v. MUTUAL LIFE INSURANCE COMPANY OF NEW YORK *et al.*, appellants.

*Conflict of law — action for same subject-matter before different tribunals — when injunction will not lie.*

While it is a settled principle, that where two tribunals have concurrent jurisdiction, the one which first obtains jurisdiction of the parties and of the subject-matter has the right to determine the controversy, the courts of this State will not stay a defendant, who is a non-resident, from prosecuting his action in the forum of his own residence.

Plaintiff brought action against an insurance company to recover the amount of an insurance upon the life of her husband. Certain residents of Maryland, who claimed an interest in such insurance, and to whom the policies were made payable, were joined as defendants. They appeared and defended. Afterward they brought an action against the insurance company in the United States court in Maryland, to recover the amount due upon the same policies. *Held*, that an injunction would not issue to restrain defendants from prosecuting such last-named action.

APPEAL from an order restraining two of the defendants from prosecuting, in another court, an action involving the same subject-matter as this action.

The complaint was filed, in this action, on the 13th of April, 1872 and sets forth the issuing by the Mutual Life Insurance Company, the defendant, of two policies of insurance upon the life of John S. Barry for the benefit of his wife, the plaintiff. The insured died in March, 1872, and this action is brought to recover the amount of these policies. It is claimed that these policies were assigned by John S. Barry and the plaintiff to Brune, one of the defendants, and that to make the title more perfect, Brune suffered the same to lapse, upon an understanding with the agent of the company that renewed policies were to be issued to Brune for the same amounts; that such policies were issued, and that the dividends accruing upon the policies in favor of plaintiff were applied to the payment of the premiums of the renewed policies, Brune paying the residue of such premiums with money furnished by the deceased Barry for the account of plaintiff. The defendants, Brune and Whitredge, appeared on May 11, 1872, and put in their answer on July 1, 1872. On June 20, 1872, in pursuance of a stipulation signed by the attorneys for all the parties, and an order granted thereupon, the insurance com-

pany deposited the amount due upon the policies of insurance in the United States Trust Company to the credit of this action. It was stipulated that, upon such deposit, the company should be discharged from all liability to any of the parties in this action, and this action should be discontinued as to said company. On September 9, 1872, Brune and Whitredge commenced actions in law against the company in the United States Circuit Court for the district of Maryland, to recover the amount due upon these two policies, being the sum claimed by Brune and Whitredge in their answers in this action. On November 30, 1872, the order of June 20, 1872, was vacated. An appeal from this order is now pending before the court of appeals. On motion of the Mutual Life Insurance Company, defendant, an order was granted by Mr. Justice DANFORTH at special term, restraining Brune and Whitredge from prosecuting their actions in Maryland, and from commencing any other action upon the policies in any other court. From this order the defendants Brune and Whitredge appeal.

*S. P. Nash,* for appellants, Brune and Whitredge.

*Henry E. Davies,* and *Davis & Work,* for respondents, the company, cited Story's Eq. Jur., § 806 ; 6 Johns. Ch. 444 ; 3 Edm. Ch. 71 ; 2 Ves. & Beames, 412 ; 2 Mer. 107 ; 2 Paige, 402 ; 10 How. 56, 68 ; 6 McLean, 355 ; 9 Wheat. 532 ; High on Injunctions, § 57 ; 49 Barb. 299 ; 33 N. H. 470 ; 3 Abb. Pr. 377.

FANCHER, J. It seems to be a settled principle, that, where two tribunals have concurrent jurisdiction, the one which first obtains jurisdiction of the parties, and of the subject-matter, has the right to determine the controversy, and do justice to all concerned. *Sherry* v. *Bacon,* 10 How. 58 ; *Ex parte Robinson,* 6 McLean, 355 ; *Smith* v. *McIvers,* 9 Wheat. 532. It is also well settled, that a court of competent jurisdiction of this State has power to enjoin a party to an action pending before it from interpleading an adverse party in a foreign tribunal, relative to the same controversy. *Field* v. *Holbrook,* 3 Abb. Pr. 377 ; *Portlantington* v. *Sounby,* 3 Mylne & Keene, 104 ; High on Injunctions, 39, 57–60 ; *Derien* v. *Foote,* 4 Anen, 545 ; *Vail* v. *Knapp,* 49 Barb. 299 ; *Great Falls, etc.* v. *Worcester,* 33 N. H. 470. All parties concerned are before the court in this action, and all questions touching the controversy between

them are raised by the pleadings therein. But a further principle is involved in this case, which is, will the courts of this State stay a defendant, who is a non-resident, from prosecuting his action in the forum of his own residence? If a stay is proper, should not the application for it be made in the forum, where the action is pending? Whenever one party is liable to another, in consequence of contract, trust, or *mala fides*, equity gives to the court jurisdiction wherever the person of the defendant may be found, and this principle has been applied even where the subject of the action was situated in a foreign State. *Massie* v. *Walls*, 6 Cranch, 148; *De Kryn* v. *Watkins*, 3 Sand. Ch. 185; *Mitchell* v. *Brune*, 2 Paige, 616; *Williams* v. *Fitzhugh*, 37 N. Y. 450. Yet, in the last-named case, WOODRUFF, J., said (p. 451): "It would be a novelty to hold that a plaintiff could not prosecute and maintain his affirmative right in this State, because he was asserting those rights for his protection, in defending a prosecution by his adversary in another jurisdiction." If that sentence correctly states the law, then there is no reason why the appellants, in this action, cannot affirmatively maintain a prosecution in Maryland, where they reside, upon the policies held by them, because they are, for their protection, defending this action in a court of this State. It would be no bar to a prosecution in Maryland, that the appellants brought an action in this State for the same cause. Much less can it be held a bar to an action in Maryland, that the appellants are defending their rights in an action brought here by other parties. It is not in accordance with interjudicial comity, to compel a non-resident defendant, who has been required to yield to the jurisdiction of an alien court, to abstain from resorting to his own tribunals. In *Hammond* v. *Baker*, 3 Sandf. 704, it was held, that where a plaintiff in an action in this State commenced, afterward, an action for the same cause in a foreign court, he could not be here restrained from prosecuting the latter suit. It was said, the court in the foreign State would control parties before it, so as to prevent wrong and oppression, although the court here might interfere, so far as to compel the plaintiff to suspend his action there or here. Wherever a remedy is sought, it is to be administered according to the *lex fori*, and such relief is given as the laws of the State allow where the action is brought. Story's Confl. of Laws, § 571. In construing contracts, courts are governed by the *lex loci*; but, in respect to remedies, they must be pursued according to the law of the *forum*.

It may be, that the appellants have remedies in Maryland, in actions upon the policies, which they cannot have in this State, and there does not seem to be any sufficient reason why the court here should deprive them of such remedies, or undertake to restrain them from prosecuting their action in the courts of the State where they reside. If such restraint is proper, the courts there can enforce it. The order appealed from should be reversed, with costs.

BRADY, J., concurred.

· *Order reversed.*