# SUPREME COURT.

## Isaac V. French, receiver, &c., agt. Lawrence O'Brien.

*Corporations — Savings banks — what amounts to a ratification by the trustees of the president's acts.*

A resolution regulating, generally, the duties of the president of a savings bank, which duties were already carefully defined by the by-laws, and which by-laws provide that they can only be amended in a certain manner (*i. e.*), after giving the notice and taking the steps required by the by-laws, is not valid where no such notice is given. Such resolution confers no authority on the president.

A person dealing with an officer of a corporation, whose duties are regulated by the by-laws, is chargeable with notice of his authority, and of the limitations and restrictions upon it contained in the act of incorporation and by-laws.

A subsequent ratification by the trustees of the president's acts, will not be inferred in the absence of proof showing that the board of trustees had notice or knowledge of the unauthorized acts of its president.

The provisions of section 9 of article 1 of title 2 of chapter 18, part 1 of the Revised Statutes of this state, which regulate the distribution of the property of corporations *only* in cases of insolvency, actual or contemplated, is suspended or superseded by the bankrupt law of the United States.

Where a bond and mortgage is transferred partly in payment of a precedent debt, and partly for a consideration paid at the time, the purchaser will not be regarded as a holder for value as against one having the legal title or a prior equity, so far as the assignment was received in payment of the precedent debt, but is entitled to a lien for the amount of the consideration paid, and to a repayment of that amount before he will be required to reconvey the bond and mortgage.

The defendant was a depositor in the People's Savings Bank. On November 3, 1875, he purchased of said bank (through its president) a certain bond and mortgage held and owned by the bank, paying for said bond and mortgage $14,389.78 cash, and being debited on the books of said bank the amount of his balance on deposit $10,821.18. At the time of

the purchase and transfer, the bank was insolvent (though not known so to be by the defendant).

In an action by the plaintiff as receiver of the bank for an accounting for the bond and mortgage and the value and proceeds thereof, and for an injunction restraining the defendant from assigning or creating any lien upon the same, and asking for the appointment of a receiver of the bond and mortgage:

*Held, First,* that the suit is of an equitable character, and such as would in former times have been cognizable by the court of chancery.

*Second,* that the action being one of an equitable character, the principle that one who comes into a court of equity must come prepared to do equity, and to refund as much as he has received upon a transaction which is voidable and void, applies.

*Third.* The claim that the plaintiff in such case should do equity, by putting the defendant in the position in which he stood before the transaction was consummated, is not a *set-off* or *counter-claim,* and therefore need not be pleaded.

*Held,* also, that the defendant should assign the bond and mortgage to the plaintiff, on receiving from him the sum of $14,389.78, with interest, and being reinstated as a creditor upon the books of the bank in the sum of $10,821.18.

THIS action is brought by the plaintiff as receiver of the People's Savings Bank of the city of New York.

Prior to the 3d day of November, 1875, the People's Savings Bank was the owner and holder and in the possession of a certain bond and mortgage made by one John Garvey, dated on or about the 18th day of September, 1871, for the sum of $25,000. There was due thereon on November 3d, 1875, accrued interest to the amount of $210.96. Said mortgage was upon a certain lot situated on the south side of Fiftieth street, between Fifth avenue and Madison avenue, in the city of New York. The complaint alleges, among other things, that on or about November 3d, 1875, the president of said bank, one Charles F. Rodgers, by an instrument in writting made in the name and on the behalf of said bank, or purporting to be by its authority (but which said Rodgers had no authority to make, either by the charter or by-laws of said bank, or by any resolution of its trustees or otherwise), sold, assigned and transferred to the defendant said bond and

mortgage, and delivered the same to the defendant, who has never restored the same to said bank or to said receiver; that said assignment or transfer was never authorized by a previous resolution of the board of trustees of said bank, or by any other resolution of said trustees or by any consent thereof; that the defendant knew, at the time of said assignment and transfer, that no such resolution had been passed and that no such consent had been given; that the defendant did not pay a present and valuable consideration for said bond and mortgage to the full extent of its value, but paid on or about November 3d, 1875, the sum of $14,389.78 in cash, and as to the balance, to wit: the sum of $10,821.18 (making up the amount of said mortgage and the accrued interest thereon), was debited upon a deposit of that amount then owing to him by said bank; that said charging said deposit as a payment by defendant was not authorized by the board of trustees of said bank, which was well known to the defendant at the time. The insolvency of said bank, and the knowledge of the defendant of such insolvency at the time of the assignment is also alleged, and that said transfer was made with the intent of giving to the defendant a preference over the other creditors and depositors of said bank. The prayer of the plaintiff is that the defendant may be decreed to account to him for said bond and mortgage, and the value and proceeds thereof, and for an injunction restraining the defendant from assigning or creating any lien or incumbrance, either upon the bond and mortgage or the proceeds thereof, and for the appointment of a receiver of the bond and mortgage.

The answer admits the ownership and possession of said bond and mortgage by the bank on November 3, 1875, and its assignment and transfer to the defendant, but denies that the said sale, assignment and transfer were never authorized by any previous resolution of the board of trustees of said bank, or by any consent thereof, and also denies that at or prior to said assignment he had any knowledge or information that such authority or resolution or consent had not been

given; but avers that he was informed at the time of the pur-
chase that said bank had duly authorized the sale and transfer,
and that such sale and transfer was with the authority and
consent of said bank duly and regularly given and made, and
that he believed said information, and bought said bond and
mortgage, relying upon the truth thereof. The defendant
denies that he did not pay a present and valuable considera-
tion upon said sale, purchase and transfer of said bond and
mortgage to the full extent of its value; but admits that
the consideration was paid in manner and form as set forth in
the complaint. The defendant also denies that, at the time of
the sale and transfer of the bond and mortgage, he had any
knowledge or information of the insolvency of the bank, or
whether or not the trustees had any such knowledge. He
denies that the said transfer was made with intent of giving
to him a preference over the other creditors and depositors
of said bank, but avers that the purchase of said bond and
mortgage was made by him in good faith, and for a full value.

*F. C. Barlow, Esq.*, for plaintiff.

*A. Gilhooly, Esq.*, for defendant.

LAWRENCE, *J.* — Having given to the testimony in this case
and to the very able briefs, filed by the learned counsel, the
fullest consideration in my power, I have reached the fol-
lowing conclusions:

First. That the resolution of September 29th, 1873, was
not valid, for the reason, that in substance and effect it was
an alteration of the by-laws of the bank, enlarging the gen-
eral power and duties of the president, substituting his dis-
cretion and judgment for the discretion and judgment of the
trustees and of the finance committee, and that such by-laws
could only be amended after giving the notice and taking
the steps required by article 15; and that there is no proof
that such notice was given or steps taken.

Second. That the evidence does not establish a ratification by the trustees of the president's act, in selling the bond and mortgage to the plaintiff, inasmuch as it does not appear that the trustees knew any thing about the transfer (*Dabney* agt. *Stevens*, 40 *Howard*, 341; *Smith* agt. *Tracy*, 36 *N. Y.*, 79).

Third. That the defendant was ignorant of the condition of the People's Savings Bank, and whether the same was solvent or insolvent, and that in foreclosing the bond and mortgage he acted in good faith, and that his attorney, Mr. Thompson, relied upon the statement of Rodgers, the president of the bank, that he had authority to make such transfer.

Fourth. That the People's Savings Bank was, in point of fact, at the time said assignment was made, wholly insolvent and unable to meet its obligations and liabilities, and that such fact was known to the said Rogers and to the trustees of the bank, or to a majority of them.

Fifth. That section 9 of article 1, of title 2 of chapter 18, part 1 of the Revised Statutes of this state, is suspended or superseded by the bankrupt law of the United States (*Commonwealth* agt. *O'Hara*, 6 *American Law Register*, *p.* 765; *Griswold* agt. *Pratt*, 9 *Metc.*, 16; *Shears* agt. *Solhinger*, 10 *Abb.* [*N. S.*], *p.* 288, *and cases cited by* BRADY, *J.*; *In re Eames*, 2 *Story*, 322).

Sixth. That the defendant is a *bona fide* holder of the bond and mortgage in question to the extent of $14,389.78, being the amount paid by checks or drafts on other savings banks at the time of the assignment of the said bond and mortgage, and that to that extent the defendant is entitled to a lien on said bond and mortgage, and to the repayment of said sum, with interest, before he should be compelled to reassign or reconvey said bond and mortgage to the plaintiff (*Weaver* agt. *Barden*, 49 *N. Y.*, 286).

Seventh. That to the extent of the aforesaid sum of $14,389.78, the said defendant is a purchaser of the said bond

and mortgage for a valuable consideration, and without notice within the meaning of section 8 of article 1 of title 2 of chapter 18, part 1 of the Revised Statutes.

Eighth. That as to the sum of $10,821.18, the amount represented in the pass-books of the defendant, and on the books of the said People's Savings Bank, as due to the defendant from the said bank, the said defendant, by relinquishing to the said bank said pass-books, and consenting to the crediting of the said sum on the books of said bank as having been paid, did not thereby become, as against the plaintiff in this action, nor as against the other creditors of or depositors in said bank, a purchaser for value of said bond and mortgage ; and that to the extent of $10,821.18 of the principal sum represented and secured by said bond and mortgage the defendant is not a *bona fide* purchaser, and that the part of the consideration paid in that manner does not avail the defendant in this action ( *Weaver* agt. *Barden*, 49 *N. Y.*, 286).

Ninth. That the effect of the transaction between the defendant and Rodgers was to give to the defendant a preference over the other creditors and depositors of the People's Savings Bank to the extent of his deposit, and that the plaintiff, as representing such creditors, has a superior equity to the defendant, so far as the consideration paid on the assignment of said bond and mortgage consisted of the crediting of the aforesaid sum of $10,821.18 upon the books of said bank as paid.

Tenth. I do not regard this as an action at law, as is contended by the learned counsel for the plaintiff. The suit is brought to compel the defendant to account to the plaintiff for the bond and mortgage and the value and proceeds thereof, and for an injunction restraining the defendant from assigning or creating any lien or incumbrance, either upon the bond and mortgage or the proceeds thereof; and it is prayed in the complaint that a receiver of the bond and mortgage be appointed.

The suit, therefore, is of an equitable character, and such

as would in former times have been cognizable by the court of chancery.

Eleventh. The action being of an equitable character, the principle that one who comes into a court of equity must come prepared to do equity, and to refund as much as he has received upon a transaction which is voidable or void, applies (*Williams* agt. *Fitzhugh*, 37 *N. Y.*, 453, *and cases cited; Town of Venice* agt. *Woodruff*, 62 *N. Y.*, 463).

Nor do I understand that the claim that the plaintiff in such a case should do equity by putting the defendant in the position in which he stood before the transaction was consummated is a set-off or counter-claim and therefore must be pleaded. It is not *new matter* constituting a defense or counter-claim in the language of the Code, but rather matter necessarily shown and proved as a part of the entire transaction which the plaintiff seeks to set aside.

If this conclusion is incorrect, then I am of the opinion that, as all the facts have been proven, and as it does not appear that the plaintiff can claim that he has been surprised, if an amendment is necessary to enable the defendant to invoke the principle referred to, justice requires that the proper amendment should be granted.

Twelfth. The judgment in this case will therefore be, that the defendant assign the bond and mortgage to the plaintiff on receiving from him the sum of $14,389.78, with interest, and upon the plaintiff returning to the defendant the pass-books surrendered to Rodgers, and reinstating the defendant as a creditor upon the books of the People's Savings Bank in the sum of $10,821.18.

As I do not regard the case as free from doubt, and as neither party has wholly succeeded, costs should not be allowed to either party.

The findings may be settled on two days' notice.