By the Court. Bosworth, J.
The debt owing to King by the defendant, was for goods sold and delivered by him to them between the 20th of February and the 1st of July, 1851, and became due on or about the 25th of December, 1851.
King, on the 18th of September, 1851, assigned to the plaintiff, in trust for the payment of his debts, all his property, including the debt owing to him by the defendants.
About the 5th of June, 1851, the defendants purchased a note against King for the payment of $300, payable six months from June 2d, 1851, or on the 9th of December following, being a few days prior to the maturing of the demand on which this action is brought.
The defendants insist on the right to set off the amount of the note in satisfaction of a like amount of the debt or demand on which this action is brought, on the grounds that they owned *82 the note when King assigned his account against them to the plaintiffs; that he then was and since has been insolvent, and ‘since then has moved out of, and has ceased since to reside in, the State.
It is perfectly well settled that such a set-off cannot be made under any provision of the Revised Statutes, as neither demand was due when King assigned to the plaintiff. (2 R. S. 354, § 12, sub. 8, and id., p. 174, § 43.)
But the defendants insist that the case presents a natural equity, entitling them to a set-off, and insist in their answer, under §§ 149 and 274 of the Code, for the same relief that a court of equity would have given them on a bill filed to compel the set-off to be made.
This is not a suit between King and the defendants, and neither demand was due when King assigned to the plaintiff. If, on a bill filed by the defendants against King on the day, but before the assignment was made, stating the facts contained in their answer, they would not be entitled to a decree malting the set-off, then the judgment appealed from is correct, and must be affirmed. Ho case has been cited in which such a bill was sustained on such grounds, where the debt owing by the defendants was not due at the time the bill was filed.
In Lindsay v. Jackson, 2d Paige, 584, a set-off was decreed, but the demand against the defendant was due when the bill was filed. The demand against the complainant was not due. It was the duty of the defendants to pay at once and without delay. The complainants alone had an interest in having the credit on the demands against themselves to which the terms of their obligations entitled them. And, in that case, no third persons had acquired any legal or equitable right.
In Chance v. Isaacs & Smyth, 5 P. 594-595, the Chancellor intimated that, in that case, if the complainant had held and owned the note against Isaacs at the time the latter assigned a demand he had against the complainant to Smith, he would have decreed the set-off, on the ground that, although the note held by “ Chance was not due at the time of the assignment, yet, as it would have become due long before the complainant’s notes were payable, an equitable right of set-off would then have existed, which it would have been unconscientious on the *83 part of Isaacs to deprive him of by assigning the complainant’s notes to other creditors.”
The same remark is applicable to this opinion as the .same learned Chancellor made concerning an opinion intimated by Chancellor Sandford in Troup v. Haight, Hop. R. 270, viz. “ that it is not entitled to the force of a judicial decision, and was not called for by the case before him; nor does it appear to be founded upon any adjudged case.” (Jennings v. Webster, 8 P. 505.)
The opinion intimated in Chance v. Isaacs, 5 Paige, 595, professes, on its face, to have no other authority for its support than the principle of the case of Lmdsay v. Jackson. In the latter case, the bill was entertained because the debt owing by defendant was due at the time the bill was filed, and the Chancellor there said that it might present an entirely different question if the defendant’s debt was now due from the complainants, who were seeking to compensate it by a claim against the defendants, payable at a future day.” (Young v. Gye et al., 10 J. B. Moore, 198.)
In Gay and others v. Gay, 10 Paige, 269, before and at the time J. P. Gay assigned to Messrs. Lee and Morrison, the defendant owned judgments against J. P. Gay, recovered on notes endorsed by defendant for J. P. Gay’s accommodation, and which defendant had paid. The judgments were due at the time of the assignment, and the demand assigned was due, and the amount owing by defendant had been liquidated by a master’s report. It therefore presented a case in which the party seeking to compel the set-off had a demand against the other, which was due when the latter assigned the demand belonging to him.
In Bradley v. Angel, 3 Coms. 475, the Court of Appeals denied the right of set-off, although the plaintiff’s debtor was dead, and his estate insolvent, on the ground that the debt against his estate was not due when the bill was filed. In that case, the debt owing to the defendant by the plaintiffs was due. Allowing a set-off before the debt owing by the defendant becomes due, is compelling him to pay before the time stipulated by his contract, and is making a new contract for him.
This, it is believed, a Court of Equity never attempts to do, *84 in a case of independent and. disconnected demands, on the mere ground of the insolvency of one of the parties.
Unless there has been a mutual credit, founded on a subsisting debt on the other side, or an express or implied agreement of set-off, it will not be done. (Howe et al. v. Shephard, et al., 2 Sum. 414-418; Gordon v. Lewis, id. 629; Dade v. Irwin's Ex’rs, 2 How. S. R. (U. S.) 383, 390.)
In Ainslie v. Boynton, 2 Barb. S. C. R. 263, the assigned claim had been liquidated in amount by a report of referees before it was assigned; and before and at the time it was assigned, the plaintiffs held a judgment against the assignor of the claim. The plaintiff’s claim was due when the assignment was made, and the amount of the claim against him had been then ascertained and liquidated.
I find no adjudged case to the effect that one of two parties, having distinct and disconnected demands against each other, neither of which is due, can, on the mere ground of the insolvency of the other, file a bill against the insolvent and compel a set-off against the other. Unless this can be doné, no bill could have been filed by the defendants against King, on the facts stated in the answer, at any time prior to kjs assignment to the plaintiff. Ho equitable right to a set-off had then attached, because neither debt was then due, and there was no connection between them, creating an equitable right to have tine debt made to compensate the other.
I do not find, in any of the cases cited on the argument, nor in any which have come under my observation, any opinion in favor of the contrary doctrine, except that intimated in Chance v. Isaacs, 5 Paige, 505, and this intimation is opposed to one made by the same Judge in Lindsay v. Jackson, 2 Paige, 584-585, on this point.
It seems to me that the principle decided in Bradley v. Angel, is conclusive upon this question.
"Whether the debt owing by the party against whom a set-off is sought matures before or after the one owing to him, does not seem to affect the principle.
Although maturing first, he cannot be compelled to pay it before it is due by the terms of his contract. Where there is no fraud, and no agreement to set it off against a debt owing- *85 to him, and where there is no connection between it and any such debt, he cannot be compelled to pay it before the time he contracted to pay it by cancelling and discharging a debt owing to him by a person to whom he is thus indebted.
Hie fact that the debt owing by the party against whom the set-off is sought falls due last instead of first, throws no difficulty in the way of adjusting equities to the accuracy of a penny, and if insolvency alone is a sufficient ground for administering an equity at variance with the statutory rules of set-off, it would seem to be at variance with reason and right to hold that a set-off might be compelled if the demand owing by the defendant fell due sixteen days before the one owing to him, but could not be, if it fell due sixteen days after-wards.
But if it can only be compelled on a bill filed after the demand against the defendant is due, no principle is violated. The defendant, in such a case, owes a debt which, in equity and good conscience, he should pay instantly. No injustice is done him, and no new contract is made for him, by compelling him" to pay, by receiving a credit for it, before a demand owing to • himself by the person to whom he is indebted, and who has a strict right to immediate payment.
The principle of such a rule is, that, in case of distinct and independent demands owing by each of two persons to the other, an equitable right of set-off attaches, if one becomes insolvent, the moment the demand against the insolvent becomes due, and not before.
That, where insolvency is the only equity for enforcing a set-off, contrary to the provisions of the statute, such equity gives no right to compel the insolvent to pay before the demand against him has become due.
(Gordon v. Lewis, 2 Sumner, 633-634; Bradley v. Angel, 3 Coms. 475; Wells v. Stewart, 3 Barb. S. R. 40; Schermerhorn v. Anderson, 2 id. 584; Spencer v. Barber, 5 Hill, 569; Graves v. Woodbury, 4 id. 559.)
If this be the true rule, then no equitable right of set-off had attached at the time King assigned to the plaintiff. We are of the opinion that the judgment appealed from should be affirmed.