By the Court.
We are all of opinion that the order appealed from must be affirmed with costs.
The demurrer is not bad upon its face; for, when no other cause of demurrer is meant to be relied on than the insufficiency in law of the facts set forth in the complaint, to maintain the action, no other is necessary to be assigned, and it is properly assigned by following the words of the Code: “ That the complaint does not state facts sufficient to constitute a cause of action.” ' Section 145, in requiring the grounds of objection to the complaint to be distinctly specified, only means that the demurrer shall specify distinctly one or more of the six causes of demurrer, which are enumerated in § 144. So far as this court is concerned, this question must be considered as settled.
The facts set forth in the complaint are certainly not sufficient to entitle the plaintiffs to maintain the action. Passing over other objections," we cannot doubt that the plaintiffs are concluded, by the "order in the foreclosure suit, which required the deficit, that they now seek to recover, to be paid, not by the intestate, but by Jeremiah Lathrop. If it was then known to the plaintiffs that Hunt was the real purchaser, and Lathrop merely his agent—and they desired that Hunt should be personally liable for a deficiency on a re-sale, the order should in terms have required the payment to be made by him. The complaint does not allege that the plaintiffs were then ignorant of the fact that Hunt was the purchaser, and we have no right to presume that they were so.
It is not very probable that this complaint can be so amended as to enable the plaintiffs to maintain the action; but, in affirming, with costs, the order appealed from, the liberty of amending, within the usual time and upon the usual terms, will be continued to them.