By the Court. Bosworth, J.
The note, on which the first action was brought, matured on the 18th.of October, 1854. That on which the second action was brought, matured on the 18th of November, 1854. The first action was commenced on the 3d of November, and the second on the 25th of November, 1854.
On the 23d of August, 1854, the plaintiffs discounted for Thomas Potter his note of that date, for $8000, payable ten days after its date, on the deposit of the two notes in suit, with others, as collateral security. When the second action was commenced, the amount due to the plaintiffs, on the $8000 note, exceeded the aggregate of the two notes in suit.
Thomas Potter was a citizen of Massachusetts. On the 10th of October, 1854, before either of the two notes in suit had become due, Potter being insolvent, an assignment of his property was made to John H. Shaw and Alanson Swain, by a commissioner of insolvency, under the insolvent laws of the state of Massachusetts. The effect of such an assignment, according to those laws, is not stated in the case, nor are the laws themselves referred to. The fact that such an assignment was made is alleged in the defendant’s answer, and was admitted on the trial. It was also admitted that the defendant proved, before the commissioners in insolvency, the notes made by Potter and given to the defendant in exchange for the two in suit. The admissibility of proof of these facts was objected to by the defendant, but not the nature or sufficiency of the proof.
The assignment must be deemed effectual to transfer to the as *349 signees, Shaw & Swain, all the right, title, and interest of Potter, to the notes in suit. That gave them a right to claim of the plaintiffs the surplus of the collaterals over and above the amount necessary to satisfy the $8000 note.
If the present defendant had instituted an action on the 10th of October, 1854, against Potter and the plaintiffs, before the assignment to Shaw and Swain, to compel a set-off of one set of notes against the other, it would have been of no avail. The plaintiff would have had a right to have the amount of the two notes then applied towards the payment of the $8000 note. Neither the notes made by the defendant, nor those made by Potter, were due when that assignment was made. The note of llOSOylnr, made by Potter, had been discounted for the defendant, and from that time until he took it up, on the day of its maturity, he was not the owner of it. The notes made by the defendant cannot be set-off against those made by Potter, under the Revised Statutes, in relation to set-offs, because neither of the notes was due at the time of Potter’s assignment in insolvency.
Courts of equity follow the law in regard to matters of set-off, unless there is some intervening natural equity going beyond the statutes of set-off, which constitute the general basis of set-off at law. (Howe, et al. v. Shephard, 2 Sum. 412; Gordon v. Lewis, et al. ib. 633-634.)
It is also a general rule, that one of two persons indebted to each other, may file a bill to compel a set-off, if the debt owing to himself is due, though the one owing by himself is not due, if the other party is insolvent; but he cannot do so before the debt owing to himself is due. (Keep v. Lord, 2 Duer, 78; Bradley v. Angel, 3 Coms. 475.)
But that rule is applicable only to the parties themselves, when no rights of third parties have intervened. That is not this case.
If Potter had owned the notes in suit when they matured, and had then been insolvent, it may be true that the present defendant could have maintained an action to compel a set-off of the one set against the other. But this case does not present any such question. There is no allegation in the answer, that there was any expectation or agreement that one note should be set-off against the other, or that Potter should pay at maturity the notes made by Stebbins. The inference, from the allegations of the an *350 swer, as well as from the facts found by the court, is that it was expected each party would pay the notes made by himself, and that the notes of the one were the consideration given for those oí the other.
I think it quite apparent, that the legal and equitable rights of the defendant upon the facts, as they existed at the time of the trial, depend upon the effect of the insolvent proceedings in Massachusetts, and upon the effect, also, of the act of the defendant, in proving before the Commissioners in Insolvency, the two notes made by Potter.
Shaw and Swain are necessary parties to any proceedings which may be had to determine those rights.
The utmost relief to which the defendant is entitled, is exemption from liability to the plaintiffs, on paying to them $196^-, and their costs in both actions, with interest, and the residue of the judgments into court to abide its further order. That relief the court, at Special Term, intended to secure, by the order dated one day prior to the judgment. Such further order will be made when the relating rights of the defendant and of Shaw & Swain to such residue have been determined by an action to which they are all parties, or otherwise. The judgment in the first action should be modified so as to secure to the defendant an opportunity to claim the relief to which he may show himself entitled, by adding to it these words, viz., “And it is further adjudged, that this judgment may be satisfied, and, also, all liability of the defendant to the plaintiffs by reason thereof, on payment, by the defendant to the plaintiffs, or to their attorneys, within thirty days, of the two sums of $196r¡7¡7 and of $136-^-, with the interest thereon, and the costs of this appeal and the residue of said judgment, with inter est thereon, into the United States Life Insurance and Trust Company, to the credit of this action, to abide the further order of the court, upon a final determination of the rights of the defendant, and of John H. Shaw and Alanson Swain, assignees of Thomas Potter, under insolvent proceedings in the state of Massachusetts, or of their successors in office, in respect to such residue.
“ It is further adjudged that, in order to determine the right to such moneys, the defendant may apply to this court, at Special Term, by petition, for an order that they be paid to him, on due proof of service of a copy of said petition, and of notice of the *351 time of presenting the same upon the said plaintiff, and the said Potter, and the said Shaw and Swain, or the successor in office of said Shaw and Swain, such service to be made at least forty days before the day designated for presenting the said petition; a copy of this judgment to be served on each of said persons, together with the said petition and notice.”
In the second action, the sum to be paid to the plaintiffs, or their attorneys, is $115-^-, with interest, and the costs of the appeal. The residue of the judgment, with interest, to be deposited. And the judgment in the second action will be modified accordingly, by adding to it the provisions directed to be added to the judgment in the first action.
In other respects, the judgments must be affirmed, with costs.