## MARTIN AND FREDERICK MAAS *v.* HENRY AND EDWARD GOODMAN.

A general assignee for the benefit of the creditors of an insolvent is not to be regarded as a purchaser for a valuable consideration, in respect to the property assigned, but holds it subject to the same equities which existed against it at the time of the execution of the assignment.

In an action brought by him to recover a debt thus assigned, any set-off is available as a defence which might have been interposed had the suit been brought in the name of the assignor, and whatever would be a valid defence against the claim in the hands of the assignor, is equally so to an action by the assignee.

Maas v. Goodman.

Where a suit was brought by the general assignees of an insolvent firm for goods sold upon a credit, to the defendants by the firm, prior to the assignment, and it appeared that at the time of the assignment the defendants held a note of the firm maturing before the credit upon which the goods were sold, expired; *Held*,

I. That the assignee was not a purchaser for a valuable consideration of the claim sued upon, and therefore succeeded only to the rights of the insolvent assignors.

II. That the note thus held by the defendants constituted a valid set-off against the demand in suit.

The case of *Keep* v. *Lord* (2 Duer, 78,) examined and disapproved.

APPEAL from a judgment in favor of the plaintiffs given at the special term. The action was brought to recover for goods sold and delivered by Strauss & Emanuel Brothers, on September 1st, 1857, to the defendants, upon a credit of six months. At the time of the sale the defendants held a note of Strauss & Emanuel Brothers, having about three months to run, for an amount exceeding the price of the goods purchased. On September 12th, 1857, Strauss & Emanuel Brothers, being insolvent, made a general assignment of their property for the benefit of creditors, to the plaintiffs, who as such assignees commenced this suit in March, 1859, after the credit upon which the goods were sold had expired. The note held by the defendants then being due, they set it up in their answer as a set-off against the claim for the price of the goods. At the trial, the presiding judge excluded the set-off, and gave judgment in favor of the plaintiffs for the amount claimed. The defendants appealed.

*Israel T. Williams*, for the appellant.

I. The Code (§ 112,) provides that assignees shall take subject to any set-off that existed at the time of the assignment, or at the time notice of the assignment is brought home to the defendant. This provision, however, refers to assignees who purchase in good faith for value, and without notice. This appears from the reading of the section itself; from the provision in reference to notice, from the exception as to negotiable paper, and from the provision that even in case of negotiable paper the transfer must be made in good faith, upon good consideration, and before maturity. It is a universal principle of law that a transferee

of any property whatsoever, with full notice of the facts, stands in every possible respect in the shoes of the assignor..

II. To understand the case now before the court, it is necessary to inquire : 1. Had the action been brought by the assignor (no assignment having ever taken place,) could the note offered on the trial have been set off against the plaintiff's claim? That it could have been, will be seen from the following facts, which distinctly appear in the case : The note (which bears date February 24, 1857) was bought by the defendants on the 31st day of August, 1857. The goods for which the action is brought were sold by the assignor to the defendants on the 1st day of September, 1857. The note fell due December 27, 1857. The claim on which the suit was brought fell due March 1, 1858. 2. Does the assignee take any higher, different or other rights by virtue of the assignment than the assignor had, or could have had, had the assignment not been made ? That he does not, will appear from the following facts and considerations : The assignment was general, conveying all the property of the assignors, including the demand in the complaint referred to, to the assignee, in trust for the benefit of the creditors of the assignors. Such general assignee takes no beneficial interest in the claim, but is invested in equity only with a power, trust or agency, to take the property of the assignor, convert it into money, and distribute the money as directed by the assignor, in the deed of trust or power, among the creditors of the assignor. 11 Barb. 471 ; 18 Barb. 409. All this is to be done by the assignee for the benefit of the assignor ; he is appointed to this office solely by the assignor—it is the voluntary act of the assignor, pursuing his own interest, and executing his own wishes, without consulting with or being influenced by his creditors, the assignee, or any other person. The assignee takes the property with the implied promise, and charged with the duty, of applying it to the use of the assignor. In the discharge of his duty, he applies the property to the use of the assignor, as truly as if he were appointed an agent, or sent as a servant with money in his hand to pay a specified debt of his principal or master. See Burrill on Assign-

ments, 438 ; also see 5 Watts and Serg. 145 ; 2 Iredell's Equity, 382 ; 11 Alabama, 880 ; 6 Johnson's Ch. 437 ; 2 Paige, 567 ; 11 Alabama, 1067 ; 5 Strobhart, 144 ; 3 Grattan, 73 ; 2 Barb. S. C. 258 ; 5 Barr, 377. The cases of *Beckwith* v. *The Union Bank*, (5 Seld. 212), *Watt* v. *The Mayor, &c.*, (1 Sandf. 23), and *Stewart* v. *Wells*, (3 Barb. 40), are all clearly distinguishable from the case now before the court.

III. This court, in the exercise of equity powers, may set off a sufficient amount of the note to cancel the plaintiff's claim, irrespective of any statutory provision, and ought to do so. *Lanesborough* v. *Jones*, 1 P. Will. 326 ; *Simpson* v. *Hart*, 14 Johns. R. 63. 1. The defendant is entitled in this action to the same equitable relief that he would be entitled to, had he filed a bill for relief in equity. *Marquat* v. *Marquat*, 2 Kern. 336 ; *Crary* v. *Goodman*, 2 Kern. 266 ; *Roosevelt* v. *Bank of Niagara*, 1 Hopkins R. 579. 2. Whenever, in the progress of any suit, a case arises for the application of equitable principles, this court is as much bound to apply those principles for the relief of a party, as was the Court of Chancery in a case properly cognizable in such court, where such relief was specifically prayed for. *Giles* v. *Lyon, adm'r, &c.*, 4 Comst. 599 ; *Crary* v. *Goodman*, 2 Kern. 266. 3. Courts of law always had and exercised the power of setting off judgments against each other. This power before the Code was exercised by the courts of equity " *ex gratia curiæ.*" In courts of law it was " *ex debito justitiæ.*" Now that both jurisdictions are blended in one, this relief may be asked as a favor or as a right, as the case may require. 4. The assignor is shown to be insolvent. The plaintiff's whole claim rests upon the admission of this fact, for otherwise the assignment would be void, and the plaintiff could not maintain the action at all.

*E. F. Brown*, for the respondents.

BRADY, J.—The case of *Keep* v. *Lord*, (2 Duer, 78), which was not cited on the argument, is decisive upon the questions

involved in this appeal, unless it be held that the plaintiff stands in precisely the same condition as the assignor, or in other words, unless it be held that this is an action in effect by the assignor himself. Judge BOSWORTH has, in the case referred to, fully and ably reviewed the cases bearing upon the doctrine of equitable set-offs submitted on this appeal, and has arrived at the conclusion that it does not apply in such a case as this. He has based his decision, however, upon the ground, among others, that it is not a suit between the assignor and the defendants, but between the assignee and the defendants, treating the assignee as a *bona fide* purchaser, or at least as a person who could not be affected by a set-off which would be good against his assignor. And herein, in my judgment, lies the error in the conclusion at which he arrived. The debt in the case of *Keep* v. *Lord*, set up by the defendant as a set-off, became due prior to the debt sued upon, and such is the case here. The defendant's set-off was due prior to the claim prosecuted by the plaintiff. If the assignor were the plaintiff, the set-off would be valid under the statute, and such would have been the case if the assignor had been the plaintiff in *Keep* v. *Lord*. In that case, however, the question whether the assignee for the benefit of creditors is a *bona fide* purchaser, or can be regarded as other than a mere representative of the assignor, does not appear to have been considered. It seems to me, on principle, that he cannot be considered as a purchaser. He parts with nothing, and the *cestui que trusts* neither yield a security nor give a new consideration. *Root* v. *French*, 13 Wend. 570 ; *Coddington* v. *Bay*, 20 John. 651 ; *Clark* v. *Flint*, 22 Pick. 231. He is the agent or trustee appointed to gather the estate of the assignor, and distribute it among the creditors in the manner directed by the assignment. He takes the place of the assignor in reference to the estate, and when he enforces a claim, does it not as a purchaser innocent or *bona fide*, but as the attorney or trustee of the assignor, standing in his place, enforcing his rights only, and being entirely devoid of any personal or private interest or title. The creditors are not parties to the deed of assignment. They

Maas v. Goodman.

are under no obligation to conform to its provisions or accept its benefits, and as between them and the plaintiff there is neither privity of contract nor privity of estate. The assignee occupying the position stated, whatever would be a defence against his assignor, would be a defence against him, and the existence of a demand in favor of the defendant, due at the time the debt matured against him, would be a set-off under the statute. I consider the following cases illustrative of the rule that a general assignee of a debtor in failing circumstances stands in precisely the same condition as the debtor himself. *Frow* v. *Downman*, 11 Ala. 885; *Clark* v. *Flint*, 22 Pick. 231; *Knowles* v. *Lord*, 4 Whar. 507; *Leuckenbach* v. *Breckenstein*, 5 W. & Serg. 149; *Leger* v. *Bonaffe*, 2 Barb. S. C. 475; *In re Howe*, 1 Paige, 128; *Haggerty* v. *Palmer*, 6 Johns. C. R. 437; *Pierson* v. *Manning*, 2 Mich. (Gibbs) 453. SERGEANT, J., in *Knowles* v. *Lord*, says that a voluntary assignment by a debtor has never been considered as placing the assignee in any other situation in point of equity than the assignor; and in *Pierson* v. *Manning*, the doctrine that such an assignee was in legal contemplation a purchaser for a valuable consideration, was denounced by PRATT, J., as an absurdity. He says that assignees under voluntary assignments are naked trustees having no real interest in the transaction, and they are not purchasers in fact. See also Story's Eq. § 1228. Regarding the plaintiff, then, as standing in the same condition as his assignor, not as a purchaser, but as a trustee or representative, and in no better situation than the assignor, I think the set-off should have been allowed, and that the judgment should be reversed.

HILTON, J.—My ruling at the trial was from a recollection of adjudged cases, (3 Barb. S. C. 40; 4 Sand. S. C. 604; 2 Duer, 78); and the views expressed in the above opinion were not presented. Upon reflection, I am satisfied that the ruling was erroneous, and I concur in reversing the judgment upon the grounds stated by my brother BRADY.

DALY, First Judge.—Since the above opinion was written, the

17th volume of New York (3 Smith) Reports has appeared, con-taining two cases, *Van Heusen* v. *Radcliff* (p. 580,) and *Griffin* v. *Marquardt* (p. 28,) in which it has been held, in accordance with the views of Judge BRADY, that an assignee for the benefit of creditors is not, in respect to the assigned property, a purchaser for a valuable consideration; and the first of these cases may be regarded as determining the question finally in this state.

Judgment reversed.