By the Court.—Sedgwick, J.
The plaintiffs were the parties in interest in the contracts which were the subject of this action.
One Wood was their agent through the transactions now to be considered.
The defendants, and a firm of Egbert & Brown, by written contracts agreed with the former to sell to the latter, and the latter to buy from the former, 2,000 barrels of oil, the deliveries to be made upon notice to be given by Egbert & Brown.
Egbert & Brown assigned their interest in these contracts to Wood, the plaintiffs’ agent.
After this assignment, Egbert & Brown in their own name gave due notices under the contracts to the defendants, that they would require 1,000 barrels of the ■oil to be delivered on August 27,1870, and 1,000 barrels on the 29th. To these notices were added the words, “ Oil goes to Abiel Wood.”
On August 22d, five days before the day named for the first delivery, Abiel Wood wrote to the defendants, that unless they should send him word at once that they would deliver 1,000 barrels on 27th inst., and 1,000 barrels on 29th inst., he would purchase 2,000 barrels, called for by Egbert & Brown’s contracts, and should hold him responsible in the premises.
To this the defendants made no answer, and on August 23d, the next day, Wood wrote to them that he had purchased, in pursuance of his letter of the day before, 2,000 barrels of oil.
On the days fixed for the deliveries, Wood demanded of the defendants the oil, making offer of payment of the proper amount, and showing the assignment to them of the contracts.
The plaintiffs gave evidence to show that Wood had, previously to the notice of Egbert & Brown, informed *258 the defendants that the contracts had been assigned to him. This was contested by the defendants.
This action is brought for damages for the breach by the defendants of their contracts in not delivering the oil.
The defendants say that the letters of Wood to them, of August 22d and 23d, dispensed with the duty they might otherwise have been under to deliver the oil to him. The argument deserves attention. Substantially, Wood informed them that, unless they would make a promise they were not called on to make, he would not wait until the 27th and 29th for the oil, but would buy the same quantity at once, and hold them for the damage. This necessarily gave notice, as much as if it had been expressly made, that unless Wood obtained the promise, he would not take the oil from the defendants. If he had in his head the notion of holding them for damages, he could not have meant to do that which would forbid his obtaining damages. There was also involved notice that he would not be ready to pay on the future days.
“If one bound to perform a future act, before the time of doing it declares his intention not to do it, this is no breach of the contract; but if his declaration be not withdrawn, when the time comes for the act to be done, it constitutes a sufficient excuse for the default of the other party ” (2 Parsons on Cont., 188, cited in Crist, v. Armour, 34 Bard. 378. This last case is approved in Bunge v. Koop, 48 N. Y. R. 228). In Tarwilliger v. Knapp, 2 E. D. Smith, 88, Judge Woodruff said, “The plaintiff was therefore not in fault, when the defendant gave him notice that he would not take the brick. . . The defendant, having given such notice, cannot complain that the plaintiff took him at his word” (1 Smith, Leading Cases, 6 American ed., 40). If it were a fact in the case, that the defendants acted upon that letter, and treated the Egbert & Brown contracts as annulled, and *259 had not prepared themselves with the means of performance on their part, I think there would be great difficulty in sustaining this judgment. Take the facts together, and it is clear that Wood did not mean to abandon the contract. The words of his letter did not convey his real meaning. He meant to give the defendants warning in advance of the consequence of a failure to deliver. If, however, the letter he did write had been acted upon, perhaps he would have had to abide by that consequence.
But as we have said before, the defendants’ position is, that, when they received the letter, they did not know that the writer, Wood, was the assignee of the contracts; that they had no reason to believe that he was anything but a purchaser of the same quantity of oil from Egbert & Brown; and their answer alleges that they were ready at all times to fulfil the said contract according to the terms thereof, and that they tendered to Egbert & Brown a delivery of the oil under these contracts, according to the notices given by Egbert & Brown, but that the latter refused to receive and pay for‘the same.
If, therefore, the defendants did not believe Wood to be the owner of the contracts, his letter to them could not have led to anything affecting the contracts by way of agreement or consent, nor could the defendants have so acted on the contents of this letter, as to estop Wood from claiming the delivery. The contract was in existence on the days properly fixed under it for performance. The defendants were not led to wait to prepare themselves to deliver, because they had the oil on hand to deliver to Egbert & Brown. But Wood was the owner of the contract, and entitled to have the deliveries made to him. I can see no reason for the defendants not making the delivery under contracts which they were prepared to fulfil to the party entitled to it.
There is another question made by the defendants. They offered to show that they had made other contracts *260 with Egbert & Brown, on which the latter became in default on 20th August, by which they were then indebted to the defendants in the sum of $1,800, and at the same time they offered to show, that, up to this default, they had had ho notice of the assignment to Wood of the contracts in suit.
This offer was made to support an allegation in the answer, that the defendants had a right to off-set the amount due by Egbert & Brown against the plaintiffs’ claim.
The offer was rejected by the court. The exception to the offer is good, if want of notice of the assignment preserves the right to off-set against the claim assigned.
Section 112 of the Code recites, that an action by an assignee shall be without prejudice to a set-off or defence, ‘1 at the time of, or before notice of, the assignment.” This seems quite clearly to mean that the right to set off is presumed down to notice of an assignment, as much as down to time of assignment. But there are several cases of the highest authority, since the Code, that gives another construction to the section. The explanation of such a result seems to be this. Section 112 is in its language a condensation of the 8th subdivision of section 18, on page 366 of 2d Mdm. R. 8. The cases say that it was intended that the rights under both should be the same. There is a provision in the Revised Statutes, that a demand, to be set off, must belong to the defendant in good faith before notice of the assignment of the cause of action in suit. The words are, “a demand existing against such plaintiff, or any assignee of such contract” (the one in suit), “at the time of the assignment thereof, and belonging to the defendant in good faith, before notice of such assignment, may be set-off,” etc. The Code,has not fully described in the words of the Revised Statutes the necessity that the demand used as off-set, shall belong to the defendant in good faith, in the cases where he is an assignee of it.
*261 But it employs a part of those words, which is so characteristic that there can be no doubt that it was meant
that that reasonable and equitable provision of the Revised Statutes should be preserved. But whether there is a reason for it or not, the authorities are, that a demand to be used as an off-set, must be payable at the time of the assignment of the cause of action sued°upon. Otherwise, it is not an off-set (Beckwith v. The Union Bank, 9 N. Y. 211; Myers v. Davis, 22 N. Y. 489; Roberts v. Carter, 88 N. Y. 107; Martin v. Kunzmuller, 37 N. Y. 396). The last case especially overrules Maas v. Goodwin, 2 Hilt. 275.
An equitable set-off by reason of Egbert & Brown’s insolvency cannot be allowed, because the plaintiffs, through Wood, are purchasers in good faith, and' for value of the contract. In cases like Smith v. Felton, 43 N. Y. R. 419, the action was either between the original parties, or others who stood in their shoes.
Judgment should be entered for plaintiff on the verdict, with costs.