(14 Misc. Rep. 237.)

## GROFF v. FRIEDLINE.

(City Court of New York, General Term. October 29, 1895.)

SET-OFF—WHEN ALLOWABLE.

In an action by an assignee for the benefit of creditors to recover a debt due the assignor, defendant cannot set off a note made by the assignor, which fell due after the assignment, and which he was required to pay as accommodation guarantor.

Appeal from trial term.

Action by Frederick G. Groff, as general assignee of Henry W. Benedict and Robert A. Fowler, for the benefit of their creditors, against Louisa C. Friedline. From a judgment for defendant on his claim of set-off, plaintiff appeals. Reversed.

Argued before VAN WYCK, C. J., and FITZSIMONS and McCARTHY, JJ.

L. B. Bunnell, for appellant.

Lippman & Ruck, for respondent.

McCARTHY, J. The plaintiff brings this action to recover of the defendant the amount due to him, as assignee of Benedict & Fowler, for goods sold and delivered. Upon the trial the defendant withdrew from consideration every defense except an alleged claim for imperfect goods, goods returned, and the sum of $462, which she claimed she had paid the plaintiff's assignors prior to the date of the assignment. It appears from the evidence that about November 20, 1894, H. W. Benedict, one of the plaintiff's assignors, obtained from B. W. Williams his promissory note for $462, dated November

20, 1894, payable to the order of Benedict & Fowler two months after said date, which he indorsed in the firm name, and took to S. A. Friedline, the defendant's manager, and asked him to negotiate the sale of the same.   Mr. Friedline took this to August Kohn, who, upon the defendant's guarantying the payment of the note at its maturity, advanced the amount thereof.   The note was not paid by the maker, and the defendant paid it about the 24th day of January, 1895.   This is the history of the transaction, which constitutes the basis of the defendant's counterclaim of $462, and the right of set-off against the demand of the plaintiff herein.

It appears in the evidence that in one of her answers herein the defendant made this note the basis of a counterclaim as one of her defenses to the cause of action set forth in the complaint.   The records of this court show that the plaintiff demurred to that defense on the ground that it was insufficient in law on the face thereof, and that on the 31st day of January, 1895, the demurrer was sustained.   It is clear from an examination of the evidence in this case that the set-off alleged in the fifth paragraph of the defendant's answer is founded on the promissory note.   Respondent's counsel, by his brief, admits it, but contends that the law is not as claimed by the appellant.   It is also admitted, and the evidence shows, that this note was not due and payable at the time of the making of the general assignment herein, but long after.   It is well settled, however, that in an action by an assignee the defendant cannot offset a note made by the assignors, which fell due after the assignment of the subject of the action was made.   This defendant, then, had no right to offset this note against the demand in suit.   An allowance to a party by way of offset is always founded on an existing demand in præsenti, and not one that may be claimed in future.   Martin v. Kunzmuller, 37 N. Y. 396; Fera v. Wickham, 135 N. Y. 223, 228, 229, 31 N. E. 1028; Myers v. Davis, 22 N. Y. 489.   The case of Maas v. Goodman, 2 Hilt. 275, cited by the respondent, is not the law; nor does the case of Chance v. Isaacs, 5 Paige, 592, aid the respondent, for both of these cases are overruled.   See Martin v. Kunzmuller, 37 N. Y. 403, 404.   At page 404, Davies, C. J., says:

"We have held that if, at the time of the assignment, the defendant has no present debt due and payable by the assignor, he has no offset, and that he cannot set off against a debt due and payable by him to the assignor a debt of his which matures afterwards."

The trial judge erred in permitting this offset to be considered by the jury, and the judgment is therefore reversed, and a new trial granted, with costs to the appellant to abide the event.   All concur.