Kyes, Assignee, Appellant, vs. The Merrill Furniture Company and others, Respondents.

*December 3, 1895 — January 7, 1896.*

(1) *Mistake of law: Pleading.* (2) *Voluntary assignment: Conveyance by assignee: Action by creditor to set it aside.*

1. A complaint alleging that a conveyance to mortgagees in satisfaction of the mortgage debts was made upon the mistaken belief that the mortgages and the notes secured thereby were valid, shows merely a mistake of law, against which equity will not relieve.

2. Sec. 1693b, S. & B. Ann. Stats. (providing that in certain cases, where an assignee for the benefit of creditors fails to bring an action to set aside a fraudulent conveyance by his assignor, a creditor may bring the action in the name of the assignee), does not authorize an action to be brought by a creditor in the name of the assignee to set aside a conveyance made by the assignee himself.

Appeal from an order of the circuit court for Lincoln county: Chas. V. Bardeen, Circuit Judge. *Affirmed.*

The complaint alleges that the defendant the *Merrill Furniture Company* is a domestic corporation; that on November 7, 1893, it made a voluntary assignment for the benefit of its creditors to the plaintiff; that previously to the making of such assignment, on June 1, 1893, the officers of the corporation had executed, in the name of the corporation,

four several mortgages, to secure several *bona fide* debts, aggregating nearly $8,000, due to several of its creditors, upon its factory and real estate, of the value of $15,000; that this comprised the major part of the property,—all except its stock of furniture then on hand and its book accounts, which were afterwards sold by the assignee for $2,000; that the mortgages were executed by the president and secretary of the corporation, who were its only stockholders and directors, without any previous resolution of the directors authorizing their execution; that the corporation was then insolvent and had practically ceased from doing business, all of which was known to the mortgagees; that the mortgages were duly recorded; that the mortgagees duly proved their claims in the assignment proceedings; that the assignee subsequently made an arrangement or compromise with the mortgagees, whereby the mortgaged premises were conveyed to their trustee in full satisfaction of their debts, and the mortgages were satisfied; that this conveyance to the mortgagees was made by the assignee under a mistake, believing that the mortgages and the notes secured thereby were valid securities.

The Packard Machinery Company is a judgment creditor of the defendant corporation, wholly unsecured, who is aggrieved by the disposition which the assignee made of the mortgaged property. It prosecutes this action, in the assignee's name, for its own benefit and for the benefit of all other creditors of the defendant corporation who are in like situation. The other defendants are the mortgagees in the several mortgages. The complaint demands a judgment vacating and setting aside the several notes and mortgages and the assignee's conveyance of the mortgaged premises.

The defendants demurred to the complaint. The court sustained the demurrer. The plaintiff appeals.

For the appellant there was a brief by *O'Neill & Marsh,* and oral argument by *James O'Neill.*

For the respondents *Hoffman* and others there was a brief by *Curtis & Reid;* for the respondents *J. P. Weiss* and *T. J. Weiss* there was a brief by *Robinson & Geiger;* and the cause was argued orally by *A. H. Reid.*

NEWMAN, J.   It may be, probably is, the law that an assignee for the benefit of creditors may maintain an action in equity to set aside a settlement with or conveyance to a creditor which has been induced by fraud or by a mistake of fact.   In such a transaction the assignee represents the assignor and not the creditor, and is in law the owner of the estate which has been impaired by the fraud or mistake. Probably, in such a case, the circuit court could require the assignee, in the interest of creditors, to bring such an action; for the circuit court is endowed with great power over the administration of estates in the hands of assignees for the benefit of creditors.   But in such a case it should, doubtless, be made to appear by the complaint that the settlement or conveyance was induced by a mistake of fact, as distinguished from a mistake of law; for equity does not relieve against mistakes merely of law.   Every party must act upon his own opinion of the law, at his peril.   The complaint in fact avers that "such conveyance was made upon the mistaken belief on the part of this plaintiff [the assignee] that said notes and mortgages were valid securities."   Whether they were valid securities is a question of law, arising, indeed, upon the facts, but still a question of law.   There is no averment that the assignee was ignorant or mistaken as to the facts upon which this question arose.   So the complaint fails to state a cause of action in favor of the assignee. Indeed, no such cause was intended, but rather a cause of action in favor of creditors was intended.

It may be, probably is, the law that a judgment creditor of the assignor may maintain an action in a proper case in a court of equity, on his own behalf and on behalf of all

others in like situation, to avoid or set aside a settlement or conveyance made by the assignee in fraud of the rights of creditors, or under a mistake of fact, to their injury. But this complaint alleges no fraud or mistake of fact, so does not state a cause of action under this head.

But this action was brought on a theory entirely different from those mentioned. It is that the assignee has the same right to maintain an action to set aside his own conveyance, made in administering the estate, as is given him by statute to maintain actions to set aside conveyances by his assignor, made in fraud of creditors, before the assignment was made. Before the statute, the assignee represented the assignor only. *Hawks v. Pritzlaff*, 51 Wis. 160. He could maintain no action to set aside the assignor's conveyances in fraud of creditors. The statute makes him " the representative of creditors in respect to all fraudulent transfers of property by the assignor, and gives him the right to maintain actions to avoid the same." S. & B. Ann. Stats. sec. 1702*a; Vernon v. Upson*, 60 Wis. 418; *Charles Baumbach Co. v. Miller*, 67 Wis. 449. But his capacity to represent creditors is limited to the maintenance of actions to set aside the conveyances of his assignor, by the terms of the statute itself. He can bring no action which the statute does not, in terms or by necessary implication, authorize.

The statute provides (S. & B. Ann. Stats. sec. 1693*b*) that in certain cases, where the assignee fails to bring an action to set aside some fraudulent conveyance of the assignor, a creditor may bring the action in the name of the assignee, and it is the theory of the plaintiff that this action is within the provision of this section. But this provision plainly relates only to such actions as the assignee is authorized to bring in the right of creditors. The statute itself limits this right of the assignee to bring actions to set aside conveyances to such transfers as have been made by the assignor and before assignment. This is true, also, of the actions

authorized by S. & B. Ann. Stats. sec. 1693*a*. It does not authorize an action to be brought by a creditor, in the name of the assignee, to set aside a conveyance made by the assignee himself.

*Valley L. Co. v. Hogan*, 85 Wis. 366, is in no respect at variance with what is said above. That was an action to set aside a transfer made by the assignor before the assignment, and is within the very words of the provision of S. & B. Ann. Stats. sec. 1702*a*.

In no view which seems tenable can the complaint be said to state a cause of action.

*By the Court.*— The order of the circuit court is affirmed.