Momsen, Assignee, Appellant, vs. Noyes, Respondent.

*January 13 — February 2, 1900.*

*Principal and agent: Trust funds: Conversion: Sureties: Equitable setoff.*

1. In an action by an assignee for the benefit of creditors to recover upon a balance of account for services rendered and money paid out by plaintiff's assignor, the defendant can plead, by way of equitable setoff, in advance of actual payment, his liability as surety upon bonds, given to secure trust funds in the hands of the insolvent assignor and by him converted.

2. The implied contract of the principal to indemnify the surety against loss takes effect from the time when the surety signs the bond or obligation, and not from the time the surety actually pays the principal's debt.

Momsen vs. Noyes.

APPEAL from an order of the superior court of Milwaukee county: GEO. E. SUTHERLAND, Judge. *Affirmed.*

For the appellant there was a brief by *Elliot & Hickox,* and oral argument by *C. T. Hickox.*

For the respondent there was a brief by *Hoyt & Olwell,* and oral argument by *F. M. Hoyt.*

WINSLOW, J. This is an action by the assignee under a voluntary assignment of one Frederick T. Day to recover $4,186.07, with interest, upon a balance of account for services rendered and moneys paid out by Day for the benefit of the defendant. The defendant's answer contained, by way of counterclaim and setoff, certain allegations showing that Day was appointed at various times long prior to the voluntary assignment, by certain courts of Milwaukee county, as guardian of certain minors and trustee of certain trusts, and that he received certain large sums of money by virtue of each of such trust appointments, and that the defendant became surety for Day upon the bonds given by him upon each of such appointments; also, that Day had converted to his own use large portions of each of said trust funds prior to his voluntary assignment, and that at the time of such assignment he was utterly insolvent, and has since been discharged in bankruptcy. It is further alleged that in various legal proceedings since the assignment the defendant has been compelled to pay on account of his liabilities as such surety in two of said trusts more than $1,600, and that litigation is still pending and undetermined to enforce defendant's liabilities as surety in the remaining two trusts, in which defendant's liability will amount to more than $2,000. A general demurrer to the counterclaim was overruled, and the plaintiff appeals.

That the allegations demurred to entitle the defendant to insist upon the right of equitable setoff cannot be doubted. The voluntary assignee of Day stands in no better position in this action than Day himself would had he made no as-

signment. He represents the creditors only in a limited degree, and for the purpose of prosecuting actions to set aside fraudulent transfers and preferences of various kinds. Stats. 1898, sec. 1693*b*. His capacity to represent creditors is limited by the statute, and the statute clothes him with no additional right in a case like the present. *Kyes v. Merrill F. Co.* 92 Wis. 32. The rights of the parties were fixed at the completion of the assignment. *Johnston v. Humphrey*, 91 Wis. 76. The question, therefore, is, What were *Noyes's* rights against Day at the date of the assignment? Day had then converted to his own use large amounts of trust funds, for the repayment of which *Noyes* was surety, and was grossly insolvent. Had he at that time sued *Noyes* to recover his advances on account, could *Noyes* have set up his liability as surety upon the bonds by way of equitable counterclaim? It seems certain that he could. The principle is well settled that the implied contract of the principal to indemnify the surety against loss takes effect from the time when the surety signs the bond or obligation, and not from the time when the surety actually pays the principal's debt. The actual payment simply fixes the amount. Baylies, Sureties & G. 340. An insolvent principal cannot enforce a debt owing him by his surety without first indemnifying the latter upon his obligation. Colebrooke, Collateral Securities, § 226; Brandt, Suretyship & G. (2d ed.), § 227; *Merwin v. Austin*, 7 L. R. A. 84, 58 Conn. 22; *Mattingly v. Sutton*, 19 W. Va. 19; *St. Paul & M. T. Co. v. Leck*, 57 Minn. 87. This court has fully recognized the doctrine of equitable setoff, and enforces it independently of the statute. *Pendleton v. Beyer*, 94 Wis. 31. It is true that *Noyes* could maintain no action at law until he had paid the obligation (*Barth v. Graf*, 101 Wis. 27), but this did not prevent him from bringing his action in equity against his principal to compel the principal to exonerate him from liability (*Dobie v. Fidelity & C. Co.* 95 Wis. 540).

*By the Court.*— Order affirmed.