CITY OF RICE LAKE, Plaintiff, vs. CITIZENS' STATE BANK OF RICE LAKE and others, Defendants and Appellants, NELSON and others, Defendants and Respondents.

*February 13—March 10, 1931.*

For the appellants there was a brief by *Hile & Dahl* of Superior and *Glenn R. Douglas* of Winter, and oral argument by *James R. Hile*.

*Wm. A. Cameron* of Rice Lake and *Chas. A. Taylor* of Barron, for the respondents.

WICKHEM, J. In the state of the record, no issues of fact having been raised by the answer of the defendant bank and the defendant commissioner of banking, we are presented solely with a question of law as to the legal sufficiency of the cross-complaints. The principal contention of the appellants is that the debtor of the insolvent bank cannot set off against this debt his liability as a surety upon a bond given by the bank to secure the repayment of deposits. The depository bond in this action was conditioned to be void "if the said bank shall truly and faithfully account for and pay over on demand any and all moneys and funds belonging to the said city and now in the possession of the said bank, . . . and all such moneys and funds which shall hereafter come into the possession of the said bank, however deposited." The bond further provided that "in case any surety shall pay any amount hereunder to the said city he or she shall be entitled to offset the amount of such payment against any indebtedness then owing by such surety to the said bank, whether such indebtedness be due or to become due, and whether it be as maker, surety, indorser, or otherwise."

This court has held that deposits owing from an insolvent bank at the time of the commencement of its liquidation may be set off by the depositor against his obligations to the bank. *Jones v. Piening,* 85 Wis. 264, 55 N. W. 413; *Herold v. Pfister,* 92 Wis. 417, 66 N. W. 355; *Citizens S. & T. Co. v. Rogers,* 162 Wis. 216, 155 N. W. 155.

Hence, the first question in this case would seem to be whether a surety who had not paid his principal's obligations at the time of the liquidation proceedings or insolvency can be treated as the creditor of the bank at or prior to such proceedings.

If a surety, at or prior to liquidation proceedings, and without payment of the principal's obligation, had a right to proceed to compel exoneration by his principal, or if at

such time and under such circumstances he was to be treated, by reason of his right of indemnity, as a creditor of the principal debtor, he clearly would be entitled to the offset. Whether such a surety becomes a creditor prior to his payment of the obligation is a question upon which there is conflict of authority. It has been held that he is not such a creditor; that the only process by which he could be treated as a creditor is the fiction that upon payment of the principal obligation the indebtedness is considered to relate back to the time when the suretyship obligation was entered into, and that in case of the insolvency of the principal intervening between the time of the suretyship contract and the payment by the surety, the rights of the creditors in the liquidation proceedings to a ratable distribution of the assets is superior to any rights that the surety has to be considered a creditor prior to the insolvency. See *United States F. & G. Co. v. Maxwell,* 152 Ark. 64, 237 S. W. 708; *Storing v. Stutsman,* 54 N. Dak. 701, 210 N. W. 653; *Veigel v. Converse,* 168 Minn. 408, 210 N. W. 162. Other authorities hold to the contrary. *Chenault v. Bush,* 84 Ky. 528, 2 S. W. 160; *Cosgrove v. McKasy,* 65 Minn. 426, 68 N. W. 76; *Morrow's Assignees v. Bright,* 20 Mo. 298.

In *Momsen v. Noyes,* 105 Wis. 565, 81 N. W. 860, this court appears to have adopted the doctrine of relation in such a situation as is here presented. In that case the assignee under a voluntary assignment of one Frederick T. Day brought action to recover $4,186.07, with interest, upon a balance of account for services rendered and moneys paid out by Day for the benefit of the defendant. The defendant's answer alleged, by way of counterclaim and setoff, certain allegations that Day, at various times prior to the voluntary assignment, was guardian of certain minors and trustee of certain trusts, and that the defendant became surety for Day upon the bonds given by him. Also that Day had converted large portions of these trust funds prior

to his voluntary assignment, and that he was insolvent at the time of his assignment, and that the "defendant has been compelled to pay on account of his liability as surety more than $1,600, and that the litigation is still pending and undetermined to enforce defendant's liabilities as surety in the remaining two trusts, in which defendant's liability will amount to more than $2,000." The court held, upon demurrer to the answer, that these allegations entitled the defendant to an equitable setoff. The court held that the assignee of Day stands in no better position than Day himself. The court said:

"The question, therefore, is, What were Noyes's rights against Day at the date of the assignment? Day had then converted to his own use large amounts of trust funds, for the repayment of which Noyes was surety, and was grossly insolvent. Had he at that time sued Noyes to recover his advances on account, could Noyes have set up his liability as surety upon the bonds by way of equitable counterclaim? It seems certain that he could. The principle is well settled that the implied contract of the principal to indemnify the surety against loss takes effect from the time when the surety signs the bond or obligation, and not from the time when the surety actually pays the principal's debt. The actual payment simply fixes the amount. . . . It is true that Noyes could maintain no action at law until he had paid the obligation, but this did not prevent him from bringing his action in equity against his principal to compel the principal to exonerate him from liability."

The portion of this opinion stating that the implied contract takes effect as of the time of the signature of the bond, and not as of the time of payment, is quoted with approval in *Maryland Cas. Co. v. Hjorth*, 187 Wis. 270, 202 N. W. 665. The *Momsen Case* establishes for this state the rule contended for by the respondents. It is sought to be distinguished by the appellants on the ground that in the *Momsen Case* the trustee had defaulted prior to the

assignment. However, we think the same situation exists here, at least to the extent of giving the sureties a right to exoneration at the time the affairs of the bank were placed in the hands of the commissioner for liquidation.

In *Kilby v. First Nat. Bank,* 32 Misc. 370, 66 N. Y. Supp. 579, it was held that where the surety was upon a depository bond, by the terms of which the deposits were immediately due and payable, his liability became fixed as surety upon the bank's suspension of business, though he did not actually pay his liability upon this bond until after the bank's suspension, and an offset was allowed.

In the instant case the obligations to the bank, for which defendants were sureties, were demand obligations and were due and payable at the time of the suspension of the bank. The defendants had the right at this time to demand exoneration of the bank; hence the situation is not materially different from that in the *Momsen Case.* In this case there is the further circumstance that the depository bond contains an express provision authorizing the sureties to offset any payments upon the bond against any indebtedness then owing to the bank. This evidences an intention that such indebtedness shall operate as a security to those signing as sureties. Such a provision has been held a sufficient ground for allowing a setoff in *Ward v. Winship,* 12 Mass. 481, and in *Groff v. Friedline,* 14 Misc. 237, 35 N. Y. Supp. 755.

It is objected by appellants that to permit the setoff operates unfairly to the depositors of the bank, in that its effect is to insure to the depositor who has insisted on such a bond a return of his deposits, not at the expense of the sureties, but at the expense of the depositors; that this is true because the sureties on such a bond may borrow money sufficient to cover their liability and thus provide themselves with an offset. That there is something to be said for this position may easily be conceded. It is the basis of the

cases denying a setoff in such a situation. However, it has always been the rule that a surety could exact security from his principal, and that is virtually what has been done in this case. Nor does there seem to be any fundamental distinction between the surety situated as are the defendants, and the depositor who borrows and thereby protects his deposit, yet the right of the borrowing depositor to offset is unquestioned. It is further to be considered that sec. 62.12 (7), Stats., contemplates that depository bonds be exacted to secure the deposit of municipal funds. It is by no means clear that sureties on such bonds could be obtained without a contract reserving some such security as was here exacted. It is our conclusion that the defendants, except Hansen, are entitled, upon payment of the judgment in favor of the city, to an offset against their indebtedness to the extent of such payments.

Objection is further made that the judgment is uncertain and indefinite as to the amount of the offset to be allowed, and as to the time of allowance. We think this contention is unsound, and that the judgment is as clear and definite as it is capable of being made. The judgment operates in no way to restrain the commissioner from proceeding immediately upon the notes of the sureties, and the sureties are entitled to no offsets except in the event and to the extent of payments which they may make upon the judgment. The right to set off against the principal or his assignee a suretyship obligation in advance of its discharge by payment, exists only in favor of a sole surety, so far as the authorities disclose. *Merwin v. Austin,* 58 Conn. 22, 18 Atl. 1029, 7 L. R. A. 84. The judgment is in the usual form of judgments in such situations, and is as definite and certain as the circumstances of the case will permit.

With respect to the defendant Hansen, the judgment ordered that upon payment by him he shall be subrogated

to the rights of the plaintiff and be allowed such sum as he shall pay as a claim against the Citizens' State Bank. Hansen owes no debt to the bank, and of course has nothing to offset. As to the amount due the city on this deposit, the city has no security or special advantage to which Hansen can be subrogated. His claim against the bank must rest upon his right to indemnity, and having no offset, he will occupy on any theory the same position as do the general creditors of the bank; hence there seems to be no point in disturbing the judgment, whether it be erroneously or correctly founded upon his right of subrogation.

For the foregoing reasons it is considered that the judgment must be affirmed.

*By the Court.*—Judgment affirmed.